HUSSEY (REED v.). See Case No. 11,646.

## Case No. 6,949.

### HUSSEY v. The SARAGOSSA.

[3 Woods, 380.] [1]

Circuit Court, S. D. Georgia. Nov. Term, 1876.

CARRIERS—NEGLIGENCE—BURDEN OF PROOF.

1. A shipper seeking to recover damages of a common carrier for an injury to the thing shipped, must show some injury which cannot be the result of its inherent nature or defects, or some carelessness or negligence on the part of the carrier likely to cause the injury, before the burden is cast on the carrier to show that he is not in fault.

2. So where a horse, in apparent good health and condition, was shipped on board a steamer, and was delivered at the end of the voyage in a sick and dying condition, but without any fractures, wounds, or any external or visible injury: Held, that some negligence or carelessness on the part of the carrier, which would account for the condition in which the horse was delivered, must be shown by the shipper before he could put the carrier in fault, and recover damages for injury to the horse.

[Cited in St. Louis & S. F. Ry. Co. v. Clark (Kan.) 29 Pac. 314; Terre Haute & L. R. Co. v. Sherwood, 132 Ind. 142, 31 N. E. 781.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[Appeal from the district court of the United States for the Southern district of Georgia.]

On October 25, 1873, the libelant [George W. Hussey] shipped on board the steamship Saragossa, at Baltimore, to be carried to Savannah, a gray gelding, a trotting horse, known as Nick King. The horse was delivered to the stevedore, on the wharf, and slung on board by means of the sling and rope and tackle usually employed for such purpose. The horse was delivered to the libelant at Savannah, on October 29, without any apparent external injury, and on the next day he died. The libelant claims that the horse was sound and in good health and condition when he was delivered to the stevedore and officers of the Saragossa; that he was injured by the careless and negligent manner in which he was slung on board; that immediately after he was placed on board he showed signs of injury; that he grew worse from day to day, and when he was delivered to libelant, on the 29th, he was in a dying condition, and died the next day, and his death, as above stated, was in consequence of the injury received at the hands of the officers and crew of the Saragossa, in slinging him on board. The libelant claims that the horse was worth three thousand dollars, and asks a decree against the respondent for his value. The claimants, the owners of the Saragossa, deny that the horse was sound and in good health when delivered to the ship, deny that he was slung on board in a careless or negligent manner, and deny that he died from any injury received when he was slung on board or during the voyage, and aver that he died from natural causes, for which the ship is in no manner responsible, and they deny that he was worth the sum of three thousand dollars.

S. Yates Levy, A. P. Adams, and S. B. Adams, for libelant.

C. N. West, for claimant.

WOODS, Circuit Judge. It is claimed by proctor for libelant that the horse, having been delivered to the ship in apparent good health and condition, and the ship having delivered him to the libelant, on the termination of the voyage, in a dying condition, the burden of proof is upon the respondent to show that the illness and death of the horse did not result from the act or neglect of the respondent, but from causes beyond its control. The rule of law is, that when the carrier fails to deliver goods, or when he delivers goods in a damaged condition, the onus is cast upon him to show that he is not in fault. In other words, loss or injury is sufficient proof of negligence or misconduct, or of the intervention of human agency, and when shown, the burden is on the carrier to exempt himself. Ang. Carr. § 202; Story, Bailm. § 329; Code Ga. § 2066. But the shipper must show an injury to the article shipped before the burden is cast upon the carrier to exon-erate himself. Is an injury shown when the article shipped is a horse or other live stock, which is proved to have been delivered to the carrier in good health and condition, and to have been re-delivered to the shipper in a sick and debilitated condition, but without any fractures, wounds, abrasions, or other external or visible injury? I think not. As well might a passenger who embarks in good health claim to support an action for damages against the common carrier, by simply showing that when he disembarked at the end of his voyage he was in a sick and debilitated condition.

The liability of a common carrier of animals is not in all respects the same as that of a carrier of inanimate property. For instance, he is not an insurer against injuries arising from the nature and propensities of the animals and which diligent care could not prevent. He is not liable for injuries by disease contracted without his fault after the stock is delivered to him. On the same principle, proof of the decay of perishable fruit committed to a common carrier, would not of itself be sufficient to charge him. Boyce v. Anderson, 2 Pet. [27 U. S.] 150; Clarke v. Rochester & S. R. Co., 14 N. Y. 570; Smith v. New Haven & N. R. Co., 12 Allen, 531; Hall v. Renfro, 3 Metc. (Ky.) 51; Story, Bailm. § 492a. When the damage to the thing shipped is apparently the result of its inherent nature or inherent defects, the shipper must show something more than its damaged condition before the carrier can be called on to explain. He must show some injury to the thing shipped which can not be the result of its inherent nature or defects, before the burden is cast upon the carrier to show that he is not in fault. But without applying this rule in this case, we are satisfied from the weight of evidence that the horse of libelant was not injured by the careless handling of the respondents, but that he died from natural causes, and that he would have died if he had never been put on board the Saragossa. Libel dismissed.