DAWSON v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

1. **Carriers of Live Stock**: SPECIAL CONTRACT.  The liability of carriers of live stock may be limited by a special contract, whereby the shipper agrees that his claim for damages under the contract, if any, shall be made in writing to the general freight agent of the carrier within five days after the live stock shall have been unloaded or delivered at the point of destination.

2. ———: ———: NEGLIGENCE: EVIDENCE.  Where the shipper of live stock was, under a special contract with a railroad company, required to take care of the same during their transportation, and there was some evidence tending to show that the train did not stop long enough for the shipper to look after them, and that, in answer to his inquiry at one of the stopping places whether the train would stop long enough for him to do so, he was told by the conductor to lie down as the brakeman was watching his cattle; *Held*, that the question of negligence on the part of the carrier was properly submitted to the jury.

*Appeal from Audrain Circuit Court.* — Hon. G. Porter, Judge.

Reversed.

*Wells H. Blodgett* for appellant.

Contracts like the one in question are both wise and lawful, and when made should be upheld and enforced. *Rice v. R'y Co.*, 63 Mo. 314; *Clark v. R'y Co.*, 64 Mo. 440; *Sturgeon v. R'y Co.*, 65 Mo. 569; *Oxley v. R'y Co.*, 65 Mo. 629; *Harvey v. R. R. Co.*, 74 Mo. 538; *Pleas v. St. L., K. C. & N. R'y Co.*, (not yet reported); Angell on Carriers, (2 Ed.) § 54, p. 56; Hutchinson on Carriers, § 237, p. 189; Story on Bailments, (9 Ed.) § 549, p. 527; Schouler on Bailments, (1 Ed.) p. 463; *Bankard v. R. R. Co.*, 34 Md. 197; *s. c.*, 6 Am. Rep. 321; *R. R. Co. v. Hedger*, 9 Bush 645; *R. R. Co. v. McDonough*, 21 Mich. 165; *R. R. Co. v. Henlein*, 52 Ala. 606; *s. c.*, 23 Am. Rep. 578; *R. R. Co. v. Perkins*, 25 Mich. 329; *s. c.*, 12 Am. Rep. 275. The plaintiff having signed the contract in question, and accompanied the cattle to takec are of them, the burden was on him to show that whatever injuries his cattle sustained were occasioned by defendant's negligence, and having wholly failed to show negligence, and having, also, failed to prove any fact from which negligence could be inferred, the jury should have been told that under the pleadings and evidence the plaintiff. was not entitled to recover. *Sturgeon v. R'y Co.*, 65 Mo. 570; *Clark v. R'y Co.*, 64 Mo. 448; *L. C. & L. R. R. Co. v. Hedger*, 9 Bush (Ky.) 645; *s. c.*, 15 Am. Rep. 740.

*Forrist & Fry* for respondent.

It is well settled that common carriers cannot contract against their own negligence, and the jury have found the damages to be the result of defendant's carelessness. If plaintiff cannot recover because he agreed to report his

claim within five days in writing and failed to do so, then defendant will be allowed to contract indirectly against its negligence.   Such a provision is only for the convenience of the company, and is separate and distinct from the original undertaking, which the law compels defendant as a common carrier to perform, whether the contract is signed by the shipper or not, and a breach of the side agreement cannot deprive plaintiff of his right of action upon the common law liability of the carrier.

NORTON, J.—This suit was instituted in the circuit court of Audrain county, to recover damages alleged to have been sustained by plaintiff by reason of the negligence of defendant in transporting cattle from Centralia to St. Louis, which had been committed to defendant as a common carrier for transportation.   The answer of defendant, after denying negligence, set up that the cattle were shipped under a special contract, which, among other things, provided that plaintiff was to take care of said cattle while being transported, and was to load and unload the same at his own risk and expense        *        *        and that "any claim for damages under said contract shall be made in writing to the general freight agent of the party of the first part within five days from and after the live stock shall have been unloaded or delivered at the point of destination."   On the trial of the cause plaintiff obtained judgment, from which defendant has appealed, and the chief ground of error assigned is the action of the court in giving and refusing instructions.

The third and fourth instructions given for plaintiff were to the effect that plaintiff was entitled to recover, notwithstanding the contract read in evidence, in which he agreed to make his claim for damages within five days after the unloading and delivery of the cattle at the place of destination, and notwithstanding no such claim was made in five days.   These instructions, under the ruling made in the case of *Rice v. K. P. R'y Co.*, 63 Mo. 314, are

erroneous. It was held in that case that the common law rule as to common carriers is so far relaxed as to allow them to limit their responsibility by special contract, except for their negligence or misconduct; and it was also held that such a special contract as that set up in defendant's answer was valid and binding on the contracting parties to the extent above indicated.

As there was some evidence tending to show that the train did not stop long enough between Centralia and Warrenton for plaintiff to look after his cattle; and that, although he had requested the conductor to tell the brakeman to look after his cattle and he would pay for his breakfast at Warrenton, when the train stopped at New Florence he asked the conductor if he would have time to go forward and look after his cattle, he was told to " lay down as that man was watching his cattle," the court was justified in submitting the question of negligence to the jury.

Judgment reversed and cause remanded. All concur.