WILLIAM L. CROW *et al.*, Respondents, v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. **Pleading**: LACK OF PROPER REPLY: WAIVER OF RESULTING RIGHTS. By introducing evidence in support of affirmative defenses pleaded in his answer, and submitting such evidence to the jury, a defendant waives whatever rights he may have in consequence of the lack of a proper reply.

2. **Common Carrier**: SHIPMENT OF LIVE FREIGHT: PROOF OF NEGLI- GENCE ON PART OF CARRIER. When live freight is shipped, the common carrier is not an insurer against danger arising from the natural propensities or vitality of the freight. In such cases it is incumbent upon the shipper to show that such freight was injured by carrier's negligence, and he does not discharge the burden by simply showing a delivery to the carrier in good condition and a redelivery in an injured condition. Yet he may establish negligence by infer- ential proof, even in the case of excepted perils.

3. ———: LIMITATION OF DAMAGES: OTHER SPECIAL AGREEMENTS. An agreement limiting the damages of a common carrier for injury to the property carried is not binding, when it is not supported by some special consideration. But such consideration is not essential to other special agreements in the contract of the carrier, such as a stipulation as to the loading and unloading of live stock, or a pro- vision for notice of damages within a stated time.

*Appeal from the Pike Circuit Court.*—HON. R. F. ROY. Judge.

AFFIRMED.

*W. H. Morrow* for appellant.

(1) Defendant was entitled to a verdict on the pleadings. The petition predicates plaintiff's right to recover upon the common law liability of defendant

as an insurer and not upon the ground of negligence. The answer sets up a special contract, which constitutes a valid defense to the cause of action alleged in the petition. The reply admits the contract, simply denying that it is binding upon plaintiffs. (2) Defendant's refused instructions numbers 2 and 5 properly declare the law, and should have been given. The contract expressly stipulates that plaintiffs load the jack (which they did), and that defendant "should not be liable for any loss or damage arising from improper loading." *Newby v. Railroad*, 19 Mo. App. 391; *Railroad v. Sherwood*, 31 N. E. Rep. 784. The contract between plaintiffs and defendant imposes upon plaintiffs the performance of the obligations embodied in instruction number 5. A special contract as to the time within which notice of damages should be given is valid and binding on the contracting parties, where limit of time is reasonable. *Rice v. Railroad*, 63 Mo. 314; *Dawson v. Railroad*, 76 Mo. 514; *Brown v. Railroad*, 18 Mo. App. 577; *McBeath v. Railroad*, 20 Mo. App. 445. (3) The evidence does not establish any negligence on the part of the defendant.

*Clark & Dempsey* for respondents.

(1) The court was not in error in overruling appellant's motion for a judgment upon the pleadings. Negligence is alleged in the petition, although we do not esteem it necessary. If the reply was not satisfactory, a motion to make more definite and certain would have been in order. But appellant elected to go to trial and thereby waived its right, if any. *Nelson v. Wallace*, 48 Mo. App. 199; *Weaver v. Harlan*, 48 Mo. App. 319; *Spurlock v. Railroad*, 93 Mo. 530, 537 and 538; *Thompson v. Wooldridge*, 102 Mo. 505, 510.

(2) There is evidence tending to show negligence. Aside from the evidence of respondents, the change in the condition of the jack during his thirty miles ride presented a matter for the appellant to explain, which it has failed to do. *Hance v. Express Co.*, 48 Mo. App. 180. (3) The special contract is not binding on respondents. They paid full rate and got no special advantages. *Doan v. Railroad*, 38 Mo. App. 408; *McFadden v. Railroad*, 93 Mo. 343; *Conover v. Express Co.*, 40 Mo. App. 31; *Kirby v. Express Co.*, 2 Mo. App. 369; *Rogan v. Railroad*, 51 Mo. App. 665. (4) Although the respondents' were not required to give notice to their claim for damages, yet they did so. The letter from Cartwright to respondents shows that all preliminary steps on respondents' part had been taken. *Hess v. Railroad*, 40 Mo. App. 202; *Breckinridge v. Ins. Co.*, 87 Mo. 62, 72; *Harned v. Railroad*, 51 Mo. App. 482.

ROMBAUER, P. J.—The plaintiffs, who are partners, brought this action to recover damages from the defendant, caused to them in the transportation of a valuable jack from Mexico, Missouri, to the town of Curryville, a distance of about thirty miles. The petition charges the defendant with negligence in the transportation of the animal, which is alleged to have been of the value of $1,000 when it was shipped, and to have been injured to the extent of $250, for which amount plaintiffs pray judgment.

The answer sets up a special contract by which the plaintiffs agreed that they should load the jack themselves, and that defendant should not be liable for any damage to the jack caused by improper loading, insecure fastening or in consequence of its being unruly or weak. The answer further states that it was provided by said special contract that, in case of loss or

injury to the animal, the plaintiff should give notice in writing of their claim within five days after its accrual, and that failure to give such notice should be a bar to the action; also that said special contract provided that, in case of injury to the animal, the loss for which defendant was to be responsible should not exceed $100. The answer then sets up as special defenses that whatever injury was sustained by the animal while in the custody of the defendant was the result of weakness, unruliness, or other natural propensities of the animal, and not the result of defendant's negligence; that the plaintiffs failed to give written notice within five days as required to do by the contract, and hence are debarred of their recovery on that account, and, even if entitled to recovery, their recovery can in no event exceed $100.

The reply is in the following words: "Plaintiff for reply admits he paid $8.70 for the transportation of the jack. He denies that the contract referred to in defendant's answer is binding on the plaintiffs, and denies all other allegations of the answer."

The cause was tried by a jury, the trial resulting in a judgment for plaintiff for $250. The defendant assigns for error the refusal of the court to enter judgment in its favor upon the pleadings, and also in refusing to sustain its demurrer to the evidence. The defendant also contends that the court erred in giving and refusing instructions.

The first error assigned is untenable. The defendant by introducing evidence to substantiate the affirmative defenses contained in its answer, and submitting such evidence to the jury, waived whatever rights it may have had arising from want of a proper reply. *Nelson v. Wallace,* 48 Mo. App. 193, 199, and cases cited.

The second assignment of error is based on the

proposition, that there was no evidence on part of the plaintiffs tending to show that the injury to the jack was caused by the defendant's negligence, and not by the natural propensities of the animal, nor any substantial evidence that the plaintiffs had complied with the terms of their contract to give notice in writing to the defendant within five days after the accrual of the damage. This assignment we deem likewise untenable. It is true that, where live freight is shipped, the carrier is not an insurer against danger arising from the natural propensities or vitality of the freight. *Hussey v. Saragossa*, 3 Woods, 380; *Hance v. Pacific Express Co.*, 48 Mo. App. 179. In such cases it is incumbent upon the shipper to show that such freight was injured by the carrier's negligence, and he does not discharge the burden by simply showing a delivery to the carrier in good condition, and a redelivery in an injured condition. Yet he may show negligence by inference even in case of excepted perils. *Witting v. Railroad*, 28 Mo. App. 103; s. c., 101 Mo. 631.

In the case at bar the duty to attend to the loading and unloading of the jack was by the terms of the contract upon the shippers. The plaintiffs adduced evidence showing that the jack was carefully loaded in a car all by itself, and was carefully tied and bedded; that he was moved around before the loading, and moved with freedom and ease; that he was apparently physically sound in every respect; that the transit was only thirty miles; that during the transit the train was repeatedly jerked with a violence not necessarily incident to the movement of freight trains, and that, when the jack was redelivered, he showed fresh abrasures of the skin in several parts of his body and, and was so stiff and lame that he was almost unable to move. They further showed that, as soon as stabled, he lay down, and that he was not able to get up for

some time, and did not recover the freedom of his motion for several months.

Touching the notice the plaintiffs showed that within three days after the accident, they called upon the defendant's station agent and informed him orally that the jack was injured, requesting him to write to the general freight agent to that effect and that they would present their claim for damages; that such agent within five days informed the general freight agent of the defendant of that fact, and told the plaintiffs to wait a few days to see what was the extent of the damage; that the plaintiffs themselves wrote to the general freight agent repeatedly, and received from him the following reply to their second letter: "Your claim, No. A. 16394, is at present in the hands of our agent, Mexico, for information. As soon as the papers are returned from him, will see that the claim receives prompt attention."

It will be thus seen that there was substantial evidence both of the fact that the injuries to the animal were the result of the defendant's negligence, and of the further fact that written notice of the claim was given within five days, or that, if not given within five days, the delay was owing to the defendant's conduct, and that a strict performance of the condition was waived by the defendant.

The instructions given on behalf of both plaintiffs and the defendant put the case to the jury on the theory, that it was incumbent upon plaintiffs to show negligence in the transportation of the animal. The defendant's instruction to the effect that, if the jury found for plaintiffs, they should in no case assess their damage at a greater amount than $100, was properly refused. A limitation of damages will be upheld, when fairly made and supported by some consideration. *Conover v. Express Co.*, 40 Mo. App. 31; *Rogan v.*

*Railroad,* 51 Mo. App. 665. In the present case, however, it affirmatively appeared by uncontroverted evidence that the plaintiffs paid full first-class freight for the jack, estimating its weight at three times its actual weight; hence, that they paid an extra compensation, and not a reduced rate.

The defendant's first refused instruction was properly refused, because argumentative, and was fully covered, as far as the defendant was entitled to it, by other instructions given on its behalf.

There was no evidence to support the defendant's second refused instruction that, if the injuries sustained by the jack occurred by reason of its improper loading, the jury should find for the defendant. All the evidence was to the effect that the jack was carefully loaded, tied and bedded.

The only error committed by the court was the giving of plaintiffs' third instruction, which was to the following effect:

"The court instructs the jury that the special contract read in evidence by the defendant is not binding upon the plaintiffs, unless you find from the evidence that the defendant, in consideration of the stipulations in said contract, either agreed to carry said jack for less than the usual and reasonable rates for carrying jacks from Mexico to Curryville, or that the defendant gave to the plaintiffs some advantage or benefit in shipping or carrying said jack, which the plaintiffs would not have received but for entering into said contract."

This instruction was too broad. In the absence of any consideration supporting the special contract, the limitation of the damages was not binding upon the plaintiffs; but there is no reason why other parts of the contract, voluntarily entered into between both parties, as to the loading and unloading of the jack

and timely notice of the damages to be given to the defendant should not be binding, whether or not supported by any additional consideration. *Rice v. Railroad*, 63 Mo. 314; *Dawson v. Railroad*, 76 Mo. 514; *Brown v. Railroad*, 18 Mo. App. 577. As, however, all the evidence concurred in showing that the jack was carefully loaded, and that the defendant had timely notice of the damage in writing, and that it caused such damage to be investigated upon such notice, having every opportunity to do so, as, moreover, all the instructions put the *onus* of proving negligence upon the plaintiffs, we cannot see how the giving of the instruction was prejudicial to the defendant. The damage to the jack was shown by a number of witnesses to be far in excess of that claimed, and there was no opposing testimony on that subject.

The judgment is affirmed. Judge BOND concurs. Judge BIGGS, being related to one of the parties, does not participate in the decision.