EDWARD S. McNEALY, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 18, 1906.

COMMON CARRIERS: Loss: Notice: Pleading: Contract. Plaintiff sued for damages to shipment of stock without any reference to the contract, the answer set up the contract and various features of it but made no reference to notice of loss by the shipper. *Held*, to plead a contract means to plead its provisions and any breach thereof relied upon as a defense must be pleaded since it is new matter.

Appeal from Grundy Circuit Court.—*Hon. George W. Wannemaker,* Judge.

AFFIRMED.

McNealy v. Railroad.

*Palmer Trimble* and *Hall & Hall* for appellant.

(1) It was admitted by the plaintiff that the car of cattle was shipped under the live stock contract, a copy of which was attached to defendant's answer, and was read in evidence, pages 55 to 57 of abstract. By the terms of that contract it was "agreed that the said railway company shall in no case be liable for any loss or damage to said animals, unless a claim shall be made in writing by the owner or owners thereof or his or their agent, and delivered to a general freight agent of said railway company at the station from which the animals were shipped, or to the agent at the point of destination, within ten days from the time said animals are removed from the cars." There is no pretense that any such notice was ever given. The plaintiff is not entitled to recover and the demurrer to the evidence ought to have been sustained. The judgment ought to be reversed. Smith v. Railroad, 87 S. W. 9, 112 Mo. App. 610; McBeath v. Railroad, 20 Mo. App. 445; Brown v. Railroad, 18 Mo. App. 568, 577; Dawson v. Railroad, 76 Mo. 514; Thompson v. Railroad, 22 Mo. App. 321, 326; Boot & Shoe Co. v. Tel. Co., 49 Mo. App. 99; Crow v. Railroad, 57 Mo. App. 135. (2) The burden of proof was on the plaintiff to show that defendant was guilty of the specific negligence charged and the court erred in giving plaintiff's instructions. Witting v. Railroad, 101 Mo. 631, 28 Mo. App. 103; Clark v. Railroad, 64 Mo. 440; Chemical Co. v. Lackawanna Line, 78 Mo. App. 305; Crow v. Railroad, 57 Mo. App. 135; George v. Railroad, 57 Mo. App. 364; Otis Co. v. Railroad, 112 Mo. 622; Heil v. Railroad, 16 Mo. App. 363, 370; Buddy v. Railroad, 20 Mo. App. 206, 210; Davis v. Railroad, 89 Mo. 340.

*Childers Bros., A. G. Knight* and *E. M. Harber* for respondent.

(1) Of course the admission of the whole of such policy would not permit the insistence of a forfeiture

for provisions not pleaded. Indeed the rule we think is universal that the issues should by the instructions as they were in this case by both parties be confined to the issues tendered by the pleadings. Wolfe v. Supreme Lodge, 160 Mo. 686. (2) The provision in the contract for "Notice" was absolutely void. It could only be sustained if based upon a valuable consideration this being as the contract and all the evidence shows an interstate shipment. There could be no discrimination and hence no rate given to one shipper not given to all therefore this provision was absolutely void. Ward v. Railroad, 158 Mo. 226.

ELLISON, J.—Plaintiff shipped a car of cattle from Boynton, Missouri, to Chicago, Illinois. A number were killed and some injured en route. Plaintiff charges that such killing and injuring was through the negligence of defendant in handling and operating its train. The judgment was for the plaintiff.

The train arrived at Galesburg, Illinois, in the night and remained there some time. Before getting to Galesburg, it was noticed that one cow was down on the floor at one end of the car, but that the other cattle were standing. On arriving at the southern limits of the switch yards at Galesburg, the cow was still down but the others were "quiet and all right." Plaintiff's agent went off with the conductor for lunch, the train, or at least the car of cattle in controversy, was moved and when again seen by plaintiff's witness, about an hour afterwards, was in front of the "Union Station." Hearing "the groaning and moaning" of cattle, it was discovered that those in this car were piled up in one end of the car "three deep and some of them over each other like cord wood." Six or eight feet at opposite end of car was empty. The cattle were taken off of each other and out of the car by means of a rope thrown over their heads. Their bodies were twisted, broken and wedged together in shocking shape. It appears that one end of

the car had spread apart to some extent. The evidence of negligence in handling and operating the train was ample. Indeed, no other reasonable inference could be drawn from the testimony of the plaintiff's witnesses.

The defendant pleaded that there was a special written contract of shipment (which it filed with its answer) wherein there are many stipulations exempting defendant from certain liabilities and imposing certain duties upon the plaintiff. Among other exemptions in defendant's interest was that it should not be liable for any loss or damage to the cattle unless a claim was made in writing within ten days after they were removed from the cars. The defendant, though filing the contract, and pleading several of its provisions, did not plead, nor refer to, the provision concerning notice. No reference was made thereto during the progress of the trial, nor in the instructions. It is now urged upon us that since notice was required by the contract and since plaintiff did not prove the notice he cannot recover.

But plaintiff's cause of action did not depend upon the contract, and in order to escape the case which plaintiff could make under his petition defendant pleaded that there was a contract. If there is any thing in the contract relieving defendant of liability, it must plead it. If there is any thing in it imposing an obligation or duty upon plaintiff, it must plead that also, if it means to rely upon it. It is not only necessary to charge that there was a contract, but *the breach* must be pleaded. It is not denied that it was incumbent upon the defendant to plead the contract in order to obtain the benefit of its provisions and it ought not to require discussion to show that a necessity to plead it is not satisfied by a mere statement that a contract was executed. To plead a contract means to plead its provisions, undertakings, or engagements. In like cases in this State originating in courts where pleadings are required, the breach here insisted upon was pleaded. [Dawson v. Railroad, 76 Mo. 514; Brown v. Railroad,

18 Mo. App. 568; Crow v. Railway, 57 Mo. App. 135.] New matter relied upon to defeat the plaintiff's action must be set out. [Northrup v. Ins. Co., 47 Mo. 435.] There is a class of cases, noted in the briefs, which originated in the court of a justice of the peace, where the formality of pleading is dispensed with, but those do not apply here.

We have examined other points made against the judgment and do not sustain them. The judgment was manifestly for the right party and is affirmed. All concur.