EDWARD S. LEWIS et al., Appellants, v. HARGADINE-McKITTRICK DRY GOODS COMPANY et al.

Division Two, October 10, 1924.

1. **MISJOINDER OF PARTIES:** Suit for Possession of Corporate Stock. Various stockholders, each the several and individual claimant to separate and distinct shares of stock, have no such joint ownership or community interest as authorizes them to maintain a joint suit for possession of the stock.

2. **SUFFICIENT PLEADING:** Suit for Possession of Corporate Stock: Registrar: Trust Agreement: Terms Must Be Stated. The plaintiffs by their action seek to obtain possession of certificates to certain shares of stock of a corporation claimed by them. They allege that the stock was placed in possession of the defendant trust company under a named stockholders' agreement and a named voting trust, and that thereby the relation of registrar was created between the trust company and the corporation, and that by stipulation in another suit brought by one of them the records and books were placed in the hands of two other defendants as trustees and depositary, and they ask that the trust company be compelled to indorse and transfer the certificates, and that the trustees be compelled to deliver said records, to the corporation, and that the corporation be compelled to record and register in said books the plaintiffs as owners of new certificates of stock in the amount owned by each. *Held,* that the petition does not state a cause of action, because it does not state the terms of the stockholders' agreement or of the voting trust or of the stipulation, and it cannot therefore be ascertained from its allegations whether plaintiffs, or any of them, are entitled to possession of the certificates. A general reference to the stockholders' agreement and voting trust, and general statements that the trust company was vested with power as registrar, are not sufficient.

Lewis v. Dry Goods Co.

3. ———: **Vagueness: Terms of Contract.** Vagueness in pleading is
always to be condemned. If plaintiffs' right to recover is dependent
upon certain alleged agreements, so much of their terms should be
stated in their petition as will enable the court to ascertain there-
from that they are entitled to the relief prayed, or some relief;
otherwise, the petition is subject to general demurrer for failure to
state facts sufficient to constitute a cause of action.

4. **MISJOINDER OF CAUSES: Suit for Possession of Corporate Stock:
Action by Stockholders Against Corporation and Registrar.** A stock-
holders' suit to enforce the rights of the corporation against di-
rectors or other persons may be maintained, jointly or severally, by
stockholders who jointly assert a common right, which is but the
right of the corporation against persons other than itself. But a
joint suit brought by several stockholders against the corporation
and others, each claiming a distinct and individual right to a cer-
tain number of shares of the corporate stock, and each claiming or
having no right or interest in the transfer of the shares of the
others, is not such a suit. The claims sought to be established be-
ing not only several, because of distinct ownership of the stock
claimed, but growing out of distinct contracts, connected with each
other only by the fact that they represent in some manner obliga-
tions of the corporation—some alleged to be claims based on cer-
tificates of stock of the corporation, and others upon interim re-
ceipts, and others upon a voting agreement—the cause of action
of one class of plaintiffs is not the same as those of the other
classes, but several causes which do not affect all the plaintiffs
alike are attempted to be stated, and there is such misjoinder on the
face of the petition as renders it demurrable.

5. ———: **Misjoinder of Defendants.** If no connection is alleged to
exist between certain defendants and others by agreement or stipu-
lation, and no community of interest is alleged as existing between
all of the defendants necessary to their proper joinder in the pro-
ceeding, there is a misjoinder of defendants.

6. ———: **Transfer of Corporate Stock: Registrar: Non-Feasance.** In
a suit brought against a corporation, a trust company and two
individual trustees, the purpose of the action being to enable plain-
tiffs to obtain possession of certificates to certain shares of stock
of the corporation claimed by them, the petition alleges that the
defendant trust company is a registrar of said corporation and as
such is required to calculate and apportion the capital stock and to
re-divide the same in accordance with the terms of a certain stock-
holders' agreement and a certain voting trust, and to indorse, as-
sign, countersign, register and transfer certificates of stock of the
corporation, and they pray that the trust company be compelled to
apportion, indorse, register and transfer, as registrar, to plaintiffs,

new certificates and their proper shares of stock of the corporation. *Held, first,* that the duty to register stock is imposed by statute upon the corporation, and no such agency as a registrar is provided by law for any corporation; *second,* the relation of registrar for the corporation must be established by some form of contract, and a petition which does not state the terms of the contract does not state a cause of action; *third,* if the terms of the contract are sufficiently alleged, still the petition does not state a cause of action, because the refusal of the trust company to transfer the stock does not give a cause of action to stockholders, but is merely nonfeasance, for which it is liable only to the corporation, as its agent.

Headnotes 1 to 5: **Equity:** 1, 21 C. J. par. 305; 2, 21 C. J. par. 418; 3, 21 C. J. par. 405; 4, 21 C. J. pars. 430, 438; 5, 21 C. J. par. 444. Headnotes 4 and 6: **Corporations:** 4, 14a C. J. par. 1931; 6, 14 C. J. pars. 1158, 1165.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Miller,* Judge.

Affirmed.

*Walter M. Hezel, Edward W. Foristel* and *Christian F. Schneider* for appellants.

(1)　Plaintiffs, as owners of such capital stock, are entitled to proper certificates therefor. Sec. 9743, R. S. 1919; Trust & Savings Co. v. Home Lumber Co., 118 Mo. 458; Moore v. Bank of Commerce, 52 Mo. 377; Merchants' Nat. Bank v. Richards, 74 Mo. 77; Elliott, Private Corps. (4 Ed.) secs. 301, 304; Conyngton on Corp. Management (2 Ed.) sec. 43, p. 37. (2)　The facts alleged show that all of the defendants are necessary parties to obtain a transfer of said stock and to issue such certificates and are therefore proper parties to this action. Sec. 1158, R. S. 1919; Stillwell v. Hamm, 97 Mo. 579; Spurlock v. Burnett, 170 Mo. 372; Ebersole v. Rankin, 102 Mo. 488; Hickory Co. v. Fugate, 143 Mo. 71. (3) All parties having a common cause of action and common right to relief may be joined in the same petition. All the parties plaintiff in this cause have the common right of having the defendants execute and deliver to them certificates for their respective shares of stock and are therefore entitled

to join in one suit and thereby avoid multiplicity of suits. Gartside v. Gartside, 113 Mo. 348; State to use v. Thornton, 56 Mo. 325; Dillon's Admr. v. Bates, 39 Mo. 292; Lilly v. Menke, 126 Mo. 215; 2 Story's Eq. Jurisprudence, par. 854, p. 51; Bispham's Principles of Equity (6 Ed.) sec. 415, p. 537.    (4)   Plaintiffs praying in their petition for only one kind of relief, i. e., the delivery to them by defendants of certificates for their shares of stock, have the right to join all of said defendants as defendants in this suit. Secs. 1160, 1221, R. S. 1919; State ex inf. Barker v. Armour Packing Co., 265 Mo. 112; White v. Railroad, 202 Mo. 559; Clark's Admr. v. Railroad, 36 Mo. 212.

*Bryan, Williams & Cave* for St. Louis Union Trust Company.

(1)   The petition is multifarious in every sense of the word. There is a misjoinder of causes of action, a misjoinder of parties plaintiff, and a misjoinder of parties defendant.    (a)   Multifariousness consists in improperly joining in one bill distinct and independent matters, and thereby confounding them. Montserrat Coal Co. v. Johnson Coal Co., 141 Mo. 149; Story on Equity Pleading (10 Ed.) sec. 271; Beach's Modern Equity Practice, sec. 115; 21 C. J. p. 413, sec. 430.    (2)   (a)   Several plaintiffs without community of interest, and whose demands are distinct, cannot unite in one bill to enforce such demands. Where there is more than one plaintiff, the causes of action joined must be joint. 21 C. J. sec. 306.    (b) The relation of a stockholder to the corporation whose stock he holds is a contract relation. Thompson on Corporations, sec. 545.    (c)   The right of a shareholder to obtain from the corporation a certificate showing the number of shares held by him is an individual and several right; so, also, is the right of a shareholder to transfer his shares to another person. Morawetz on Corporations (2 Ed.) sec. 236; Hackett v. Northern Pac. Ry. Co., 140 Fed. 717.    (3)   A bill is multifarious which contains the

demand of several matters of distinct and independent natures against several defendants. Johnson v. Kirby, 65 Cal. 482; Jamison v. Culligan, 151 Mo. 410; 21 C. J. p. 422, sec. 444; Ferguson v. Paschall, 11 Mo. 267. (4) Causes of action may not be joined unless each cause of action affects all parties to the action. R. S. 1919, sec. 1221. (5) Plaintiff's petition fails to state facts sufficient to constitute a cause of action against the St. Louis Union Trust Company. (a) The duty to register stock of the Hargadine-McKittrick Dry Goods Company and the transfers thereof was imposed by statute upon the Dry Goods Company, and no facts are pleaded which show that the Trust Company owes plaintiff any duty to register their stock. Denny v. Manhattan Co., 2 Denio, 115; Dunham v. City Trust Co., 115 App. Div. (N. Y.) 584; R. S. 1919, sec. 9744. (b) No cause of action is stated against St. Louis Union Trust Company on the alleged interim receipts alleged to have been issued under the alleged contract of December, 1913, since there are no allegations as to what was the substance of said contract. "To plead a contract means to plead its provisions, undertakings or engagements." This has not been done in this case. McNealy v. Railroad, 119 Mo. App. 200; Currell v. Railroad, 97 Mo. App. 93. (c) No cause of action is stated against the Trust Company on the voting trust certificates alleged to have been issued under the alleged contract of January 2, 1906, since there are no allegations as to the substance of said contract. (d) The allegations of petition of plaintiffs affirmatively show that the corporate books and records of the Hargadine-McKittrick Dry Goods Company, are *in custodia legis* in another suit, and are entirely beyond the control of the Trust Company.

*Charles P. Williams* and *Nagel & Kirby* for other respondents.

(1) The petition shows that the relief sought cannot be granted because the stock books, stock certificate books,

and stock records of the corporation are *in custodia legis* in another and prior suit, and because in said other suit the right of the company to receive possession of said books is in litigation.   (2)   When a pleading makes definite reference to the record or judgment in some other case, and quotes or states a part of said record or judgment but without setting it out in full, the effect of such a reference is to import into such pleading the complete subject-matter to which reference has been made, and said subject-matter thereby becomes available for use and consideration as a part of the said pleading or court record in which the reference occurs.   Under this rule the record and mandate of this court in the Zeitinger Case, the stipulations of settlement, and the proceedings in the circuit court in the Zeitinger Case are all available here for use by this court and by counsel.   State ex rel. Studebaker v. Trimble, 247 S. W. 122; State ex rel. Kansas City v. Ellison, 281 Mo. 674; Johnson v. United Rys., 243 Mo 278.   (3)   The statute relating to the transfer of shares of stock in a Missouri corporation predicates the right of a pretended stockholder to have shares transferred to his name on the books of the corporation, upon a compliance with the requirements of the by-laws in respect of stock transfers; therefore a petition seeking to compel a stock transfer must allege compliance with this condition precedent, or it will be demurrable.   R. S. 1919, sec. 9743; Basye v. Ambrose, 32 Mo. 484; Turner v. Mellier, 59 Mo. 535.

WALKER, J.—This is a suit in equity, brought in the Circuit Court of the City of St. Louis, by several alleged owners of shares of stock in the Hargadine-McKittrick Dry Goods Company, a Missouri corporation, against said Dry Goods Company, Martin F. Donahoe, president, and J. C. Zeigler, secretary, Thomas T. Fauntleroy and Robert McKittrick Jones, trustees, of said Dry Goods Company, and the St. Louis Union Trust Company.   The purpose of this action is to enable

305 Mo.—26.

the plaintiffs to obtain possession of certificates to certain shares of stock claimed by them in said Dry Goods Company.

To a second amended petition filed herein by the plaintiffs the defendants interposed demurrers, all of which were sustained. Whereupon the plaintiffs declined to plead further, and from the judgment rendered have appealed to this court.

The petition alleges that the plaintiffs own in severalty a specified number of shares of stock in the Dry Goods Company; the character and relationship of the other defendants to the defendant Dry Goods Company, the officers of which are simply designated as such; Fauntleroy and Jones, named as defendants, are alleged to have been appointed as trustees under a stipulation of the parties approved by the Supreme Court in the case of Zeitinger, one of the plaintiffs, and others against the Dry Goods Company, which suit at the time of the stipulation authorizing the appointment, was pending in this court on appeal from the St. Louis Circuit Court, and that such trustees were in possession and control of the assets and books of the Dry Goods Company, including its stock transfer books, stock certificates and other records. The corporate character, under the laws of this State, of the defendant, the St. Louis Union Trust Company, is alleged, and that it is a registrar of said Dry Goods Company and as such required to calculate and apportion the capital stock of said Dry Goods Company and to re-divide the same in accordance with the terms and provisions of a certain stockholders' agreement and a certain trust agreement hereinafter referred to, and to endorse, assign, countersign, register and transfer such certificates of stock issued by or of said Dry Goods Company; that said Trust Company is no longer a party in or to the suit above mentioned.

The instruments under which the plaintiffs acquired the shares of stock claimed by them are described as

follows: first, that some of the plaintiffs purchased some of the shares of stock in usual form of regular certificates issued by the Dry Goods Company to the purchasers of same by name and signed by the regular officers of said company; second, by interim receipts issued by the Trust Company, evidencing the receipt by it of voting trust certificates that had been surrendered to it by some of said stockholders from whom plaintiffs bought said stock or shares in accordance with an agreement of December 11, 1913, signed by said stockholders, whereby a reduction of the original authorized capitalization was intended and attempted. The interim receipts are referred to under this claim of ownership and are described as covering securities of the said Dry Goods Company, signed by said St. Louis Union Trust Company's officers, and reciting, among other things, that the St. Louis Union Trust Company, as depositary, has received certain voting trust or stock certificates endorsed in blank for transfer, and covering shares of stock in the said Dry Goods Company, which deposit was made in order that the provisions of a contract dated December 11, 1913, and on file with the depositary, between the holders of those securities of the said Dry Goods Company and said St. Louis Union Trust Company may be carried out and that the deposit of such stock was made with the Trust Company to confirm said contract and agreement, the depositors being the parties from whom these plaintiffs have purchased such shares, and plaintiffs' holding and purchase of such shares are, therefore, subject to the conditions and agreements therein contained; and that the said St. Louis Union Trust Company still claims to hold certificates of such shares under and by virtue of said contract and agreement, and refuses to deliver the same or proper certificates in lieu of the same. The plaintiffs, therefore, demand that said St. Louis Union Trust Company deliver to them said certificates or issue to them proper certificates showing

the number of shares of stock so transferred to them of the capital stock of the said Dry Goods Company. Third, the other instruments alleged to show the claims of some of the plaintiffs to some of the shares of stock are original trust certificates stated to have been received by the claimants thereto from stockholders. of the said Dry Goods Company who did not sign the contract of December 11, 1913, and are not bound thereby.

It is then alleged that by a voting trust agreement dated January 2, 1906, the Dry Goods Company and the individual defendants caused all of the stock to be subjected to a voting trust agreement whereby all of the certificates of stock issued under an authorized increased capitalization of December 28, 1905, were lodged with the said Trust Company, which issued its own voting trust certificates properly signed, which provided that every share of such stock was subject to all of the terms and conditions of the voting trust agreement, and which also provided that the said trust company should hold said stock in trust for ten years, during which time, for the purpose of keeping the control and management of said Dry Goods Company in proper hands, the said stock was to be voted by said Trust Company as trustee on all questions requiring a stockholders' vote, in such manner and for such persons and propositions as the Dry Goods Company might advise. That said contract is contrary to public policy and void.

That by reason of the premises the said Trust Company is a necessary party to this suit and to a complete determination of the matters growing out of the above arrangement and contract. That they have functioned under the provisions of said voting trust agreement and should be required to take whatever steps may become necessary to the transfer of said stock or the liquidation of said voting trust certificates which plaintiffs hold from former owners who did not sign the stockholders' agreement under which they were issued, dated December 11, 1913, aforesaid.

That the term of ten years provided for in said voting trust agreement has long since expired, but that said Trust Company still holds possession of and controls said stock represented by the interim receipts and voting trust agreement.

Plaintiffs further state that they have presented the aforesaid evidence of ownership of shares of stock held by them in said Dry Goods Company to the officers of the said company and the aforesaid trustees, with the demand that they cause new certificates of stock to be issued to plaintiffs for same, and that said trustees deliver to said officers the stock ledgers, stock transfer books and stock certificate books of the said Dry Goods Company, and that a transfer of said stock be entered upon the books of the Dry Goods Company, whereupon plaintiffs will surrender their certificates or other evidence of ownership upon demand for same; but that the aforesaid trustees, Thomas T. Fauntleroy and Robert McKittrick Jones, have refused to turn over to the officers of said Dry Goods Company said books for the purpose of effecting the transfer and registering of said stock, and the officers of the said Dry Goods Company have failed and refused to demand said books for that purpose and have failed and refused to make such transfers on the books of said company, and fail and refuse to issue new certificates therefor in the names of plaintiffs and the present owners of same.

Plaintiffs state that they have no adequate remedy at law; that the possession and control of plaintiffs of the shares of stock to which they are entitled, and the rights and powers it would give them are invaluable and indeterminable in damages or at law; that said stock has no market value in its present condition, but has great potential value if the affairs of the said company are managed for its best interests and the best interests of the stockholders and the valid outstanding obligations due the company are liquidated and collected. That by reason of the premises the defendants are depriving the plaintiffs of

their property without due process of law, in violation of the Constitution of the State of Missouri, Article II, Section 30, and in violation of the Constitution of the United States of America, Article V of Amendments.

Wherefore plaintiffs pray this Honorable Court to order and decree· that said trustees, Fauntleroy and Jones, deliver up to the officers of the said Dry Goods Company the stockbooks, stock transfer books, stock certificate books and all other necessary and proper books required in the transfer of said shares of stock, and to record same on the books of the said Dry Goods Company that they may have them in their possession and control; and that new certificates in due form for such shares of stock be isued to plaintiffs and all other stockholders of the said Dry Goods Company lawfully entitled to the same under decree herein, upon presentation of proof of such ownership of same; and that such new certificates be ordered recorded and registered on the books of the said Dry Goods Company in the names of plaintiffs herein and those entitled to same; that said Trust Company be required to calculate, apportion, assign, endorse, countersign, register and transfer such new certificates as registrar, or whatever may be necessary to cause to be delivered to plaintiffs herein and such others as may join in this suit their proper and lawful shares of stock in the said Dry Goods Company, and for such other and further orders, judgments and relief as to this Honorable Court shall seem meet and proper in the premises.

The demurrers interposed may be classified generally as pleading a misjoinder or that the petition is multifarious in that it states one cause of action against the defendants other than the St. Louis Union Trust Company, coupled with an attempt to state other and different causes of action against the latter company alone; and that it states two or more distinct and different causes of action against said company based upon two or more distinct and different alleged contracts.

That it improperly joins as parties plaintiff those between whom there is no common cause of action, and

whose rights, if any, must be prosecuted severally and not jointly.

That it properly joins parties defendant who are not alleged to have entered into a joint contract or to have committed a joint wrong by reason of either of which they are sought to be held liable.

That, except the Trust Company, neither of the other defendants is a necessary or proper party to the determination of any of the causes of action attempted to be stated against said Trust Company. That this company is not a necessary or proper party to a complete determination of any of the alleged causes of action attempted to be pleaded against the defendants other than the Trust Company; and that no cause of action is stated against said Trust Company.

I.   Considering these demurrers in the reverse order in which their allegations are stated, does the petition state a cause of action? That each of the plaintiffs is the several owner of the stock respectively claimed by them is affirmatively alleged in the petition. There is no joint ownership either alleged or intimated. There is, therefore, no community of interest between the owners. While the relation of a stockholder to the corporation whose stock he holds is one of contract, it is several in its nature (Thomp. Corp., sec. 545); and, despite the existence of contracts of like tenor between the corporation and other stockholders, the right of one to obtain from the corporation a certificate of the number of shares owned by him is an individual right and is to be exercised by a separate and distinct demand. A joint action under such circumstances is therefore unauthorized. [Sec. 1221, R. S. 1919; Hackett v. Railroad, 140 Fed. 717; Morawetz, Corp. (2 Ed.) sec. 236.]

*Misjoinder.*

II.   The nature of the allegation as to the relation of the Trust Company to the Dry Goods Company as registrar, under an alleged stockholders' agreement, in-

vites attention.  If such relation existed the manner of its creation and province should have been **General Allegations.** stated, whether it was by stipulation or contract between the parties or the result of judicial action.  It was likewise material that the provisions of the stockholder's agreement referred to, be stated as well as the terms of the alleged voting trust. As to each of these the pleader contents himself with general references, no more.  Declaratory statements of the authority for the exercise of the power of the Trust Company as registrar as disclosed by the provisions of the stockholders' and voting trust agreements were necessary to enable the court to act intelligently.  A mere general allegation that such a power exists and that it has its source in certain agreements, without more, will not suffice to state a cause of action in a case of this character.

III.  A vagueness of statement productive of confusion appears in the allegations concerning the voting trust agreement of January 2, 1906, shown by its terms to have been a different and distinct contract from that before referred to in the petition and dated December 11, **Vagueness.** 1913.  Concerning the former it is alleged "that on January 2, 1906, the individual defendants with the Dry Goods Company caused all the stock of said company to be tied up and subject to a voting trust agreement whereby all of the certificates of stock issued under the authorized increased capitalization of December 28, 1905, were lodged with the Trust Company, which issued its own voting trust certificates for same, signed by its officers and providing that every transfer of such stock was subject to all of the terms and conditions of the voting trust agreement or contract which provided that the trust company should hold said stock in trust for ten years for the purpose of keeping the management of the Dry Goods Company in proper hands; and that said stock should be voted by said Trust Company on all questions requiring the vote of stockholders

in such manner and for such persons and propositions as the defendant Dry Goods Company might advise.''

It will be noted that there is an absence of statement in the foregoing allegation designating what shares of stock, if any, claimed by plaintiffs, are subject to the alleged voting trust agreement; nor is it attempted to include or identify any of the stock claimed by plaintiffs with any of the voting trust certificates; nor is it attempted to designate, other than generally, any shares of stock claimed by plaintiffs represented by interim receipts. More specifically stated the petition contains no allegation showing how the shares of stock represented by certificates are held—whether some of this character are held by all of the plaintiffs or all of them are owned by some of the plaintiffs and which shares are owned by which plaintiffs.

While it is stated in the fourth paragraph of the petition that some of the shares of stock owned by some of the plaintiffs are represented in part by interim receipts issued by the said Trust Company under the contract of December 11, 1913, there is no allegation showing how or by whom these shares of stock are held. A like defect appears in the fifth paragraph concerning the ownership or holding of the voting trust certificates issued under the contract of January 2, 1906; furthermore, there is no allegation defining the terms of this contract. Constituting, as these contracts must have, the authority for the powers exercised thereunder, it was material that they be pleaded to state a cause of action. The pleading of a contract does not consist in a mere general reference, to same, but a statement of its provisions.

IV. This action, under any authorized construction that may be placed upon either or all of the provisions of the petition, is not a stockholders' suit to enforce the rights of the corporation against directors or other persons. In such an action stockholders may jointly assert a common right which is but the right of the corporation

against persons other than itself. The case at bar is not of this character, but is a suit brought against the Dry Goods Company and others by several stockholders, each claiming a distinct and individual right to a certain number of shares in the Dry Goods Company. Neither of the plaintiffs claims or has any right or interest in the transfer of the shares of any of the others. The right of each therefore to transfer his shares to another or to assert a claim to same is an individual or several right which may be protected and enforced in a separate action, either in damages or for specific relief. This rule is so well established that it is scarcely necessary to cite authorities from texts and cases other than those referred to in our earlier general discussion of the subject. This rule is applicable where all of the plaintiffs are holders of the ordinary form of certificates of stock which have been issued by the corporation itself. Here, however, the claims sought to be established are not only several, because of the distinct ownerships of same, but they grow out of different contracts, connected with each other only by the fact that they represent in some manner obligations of the Dry Goods Company. To illustrate: some are alleged to be claims based on certificates of stock of the corporation; others, upon interim receipts; and others, still, under voting trust certificates. It is evident from these facts the cause of action of one of the classes of the plaintiffs is not the same cause of action as those of another class or that the several causes of action attempted to be stated do not in like manner affect all the parties plaintiff. This well established rule of pleading has been given affirmative recognition, not only in many cases in this jurisdiction, but in the statute, Section 1221, supra. A lack of conformity with same cannot be otherwise construed therefore than as a misjoinder, which will vitiate the pleading and render it insufficient to state a cause of action. Thus much for the misjoinder of the parties plaintiff.

V. But it is urged in the demurrer that there is a misjoinder of the parties ,defendant. No connection is alleged to exist between the defendants Fauntleroy and Jones, as trustees appointed in the stipulation approved by this court in the case of Zeitinger v. Dry Goods Company, on the one side, and the Trust Company on the other. It is nowhere claimed that the Trust Company was a party to the stipulation. In fact, it appears that the latter was not even a party to the suit in which the stipulation was made. Although it is averred that Fauntleroy and Jones, as trustees, are in possession and control of the assets, books, etc., of the Dry Goods Company, the Trust Company is not alleged to be in joint possession of such books, etc., or that it has any control over the same. There is therefore no common interest between Jones and Fauntleroy as trustees, on the one side, and the Trust Company on the other side. Nor is it pleaded that Jones and Fauntleroy are parties to the alleged contract of December 11, 1913, or to the voting trust agreement of January 2, 1906.

*Misjoinder of Defendants.*

It is elementary that allegations constituting a cause of action against certain defendants cannot be held to affect all the parties that may be named as defendants to an action, and there is no cause of action stated against all the defendants. There is therefore no community of interest pleaded as existing between all of the defendants necessary to their proper joinder in this proceeding. [Story's Eq. Pl. (10 Ed.) sec. 271; Fulton v. Fisher, 239 Mo. l. c. 134.]

VI. It is relevant to consider whether the petition states facts sufficient to constitute a cause of action against the St. Louis Union Trust Company. The allegations as to the Trust Company are three: first, that it is a corporation, and ''as such is registrar for the Dry Goods Company.'' No such agency as a registrar is provided for by our laws with respect to any corporation. The duty to register stock in a Missouri corporation is im-

posed by statute upon the corporation itself. [Sec. 9744, R. S. 1919.] The relation of the Trust Company, therefore, must be established by some form of contract. No allegation is made as to the terms of such a contract, if any existed, and, as stated in another connection, a cause of action on a contract cannot be stated unless the substance of the contract is pleaded. There is, therefore, no cause of action stated by merely referring to the Trust Company as registrar.

But, even if it be assumed that there was a contract, and that under its terms the Trust Company had agreed to act as transfer agent for the Dry Goods Company, the refusal of the Trust Company to make a transfer of stock would not give a cause of action to a stockholder, because the duty to make a transfer, if any such duty existed, was one incumbent upon the corporation itself. If the corporation had undertaken to commit that duty to a registrar or transfer agent it could not thus shift its liability and impose the same upon the registrar or transfer agent. The converse of the rule as to the limit of the corporation's power to transfer its stock is alike applicable to the power of the registrar or transfer agent; it owes no duty to stockholders to register a transfer of the stock, and its refusal so to do would be a mere non-feasance, for which, while liable to the corporation, it would not be liable to the stockholders.

In Denny v. Manhattan Company, 2 Denio, 115, a case where a suit was brought against a transfer agent of a corporation for refusal to transfer stock, the court held that the agent was not liable, saying: "If the plaintiffs have a cause of action against anyone, it is not against the defendants, but against the Planters' Bank of Tennessee. The defendants were not the agent of the plaintiffs and owed them no duty. They were the agent of the Planters' Bank; and for a neglect to discharge their agency, they are answerable to their principal, and to no one else." This case was affirmed in 5 Denio, 639.

A similar case came before the Supreme Court of New York in Dunham v. City Trust Company, 115 App. Div. (N. Y.) 584. In that case the suit was against the City Trust Company, which was a transfer agent in New York of a New Jersey corporation. The court referred to and followed the decision in Denny v. Manhattan Company, supra, and held that the refusal of the transfer agent to make a transfer was a non-feasance, and in that connection said: "The distinction between non-feasance and misfeasance has been expressed by the courts of this State as follows: 'If the duty omitted by the agent or servant devolved upon him purely from his agency or employment, his omission is only of a duty he owes his principal or master, and the master alone is liable. . . .' In the case at bar, the duty in which the defendant is said to be derelict was one devolved upon it solely perforce of the relation of principal and agent existing between it and the New Jersey corporation. In other words, the injury, if any, was not in failure of duty cast upon the defendant 'by law in common with all other men.' " A new trial of the case was ordered. From all of which it · follows that no cause of action was stated against the Trust Company as registrar or transfer agent.

Nor is there a cause of action stated against the Trust Company growing out of the alleged interim receipts under the contract of December, 1913, for there is no pleading of any contract. We reiterate, to plead a contract means to plead its provisions, undertakings and engagements. [McNealy v. Railroad Company, 119 Mo. App. 200.]

What is said with respect to the contract of December, 1913, is true in regard to the allegations of the petition concerning the alleged voting trust certificates under the contract of January 2, 1906. The action with respect to the rights created by such contract would constitute a suit on contract, but no allegations in the petition show what the substance of this contract was, and it is impossible to determine what, if any, were the obligations im-

posed upon the Trust Company under the terms of such contract, and without a showing of what these obligations were, there can be no statement of a cause of action.

VII.    The petition states that the books and records of the Dry Goods Company are in the possession of the trustees, Fauntleroy and Jones, and that they were appointed as such trustees by a stipulation in the Zeitinger case, while that suit was pending in the Supreme Court.  From this it appears that such books, papers, etc., of the Dry Goods Company are *in custodia legis* and this court cannot properly make an order with respect to them.

**In Custodia Legis.**

From all of which, it follows that the judgment of the circuit court should be affirmed, and it is so ordered. All concur; *White, J.,* in the result.