## J. M. MAHAFFEY v. LEBANON CEMETERY ASSOCIATION, Appellant.

### Division One, December 6, 1913.

1. **ABSTRACT: Narrative Form: Requisites: Showing Appeal.** An abstract of the record which shows the date of the suit, sets out the pleadings *in haec verba* and, after the statement "Entries of the Court," follows with the judgment an an abbreviated narrative of the proceedings thereafter and closes by saying "End of Record Proper," is not rendered defective by the use of the abbreviated narrative style—rather should that style be commended. And the appeal is sufficiently shown by an entry that appellant on a stated day "filed in due form its affidavit for appeal . . . and the trial court finding the same sufficient (after approving the appeal bond)" granted the appeal.

2. **————: Amendments: Bill of Exceptions.** Respondent's additional abstract, a certified copy of the entire record proper, demonstrated that the entries in appellant's abstract of the record showing the extension of the leave to file the bill of exceptions so as to cover the time of its actual filing, and the order showing that it was signed and filed, were not to be found in the records of the trial court. *Held*, that, under the. circumstances of this case, amendments to the appellant's abstract must be disallowed which consist of a copy of a written order of the judge of that circuit, made in vacation, extending the leave for filing the bill of exceptions, and of a certificate of the clerk that the bill had been filed in vacation, which amendments were submitted to the Supreme Court after the final submission of the case. It follows accordingly that the bill of exceptions cannot be considered by the Supreme Court.

3. **APPEAL: No Bill of Exceptions: Record Proper Examined.** Where the bill of exceptions cannot be considered the Supreme Court will examine the record proper and if no error is apparent therein the judgment will be affirmed.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*W. I. Wallace* and *Silver & Dumm* for appellant.

*L. C. Mayfield* for respondent.

BROWN, C.—Suit instituted in the Laclede Circuit Court at the August term, 1908, under the provisions of section 650, Revised Statutes 1899, to ascertain and determine the estate, title and interest of the parties to the north half of lot seventeen, block ten of the cemetery of the appellant. The petition states that plaintiff is the owner of the land with the right to possess and use it for burial purposes against all other persons whomsoever; that he purchased it from the appellant in 1901 for ten dollars which he fully paid and took possession of the half lot, buried one of his children on it and held it until May, 1908; that he is informed and believes that the defendant is making some claim to the lot.

The answer consists of a general denial, with a speecial plea, amounting, in substance, to a denial that the lot had been paid for and asserting that it had been forfeited under the rules of the association subject to which whatever right the plaintiff had was acquired. The answer asked the court, in substance, to adjudge the title in the appellant and that the plaintiff has no title or right of possession to the land.

The cause was tried on August 13, 1908, during the same term at which it was instituted, and resulted in a judgment for the plaintiff, the substantial part of which is as follows:

"It is by the court ordered and adjudged and decreed that the plaintiff purchased of the Lebanon Cemetery Association the following lot, viz.: North half of lot seventeen (17), block ten (10) in the Lebanon Cemetery Association and took possession of the same and buried his child thereon and that his right of burial remain in full force and effect. It is therefore ordered and decreed that the plaintiff has full burial privileges in the north half of said lot and the exclusive right of interment on said north half of said lot seventeen (17)."

From this judgment the defendant has appealed

and brought the record here by the short transcript provided in section 2053, Revised Statutes 1909, and in due time filed his abstract of the record.   The cause was docketed and set for hearing at the October term, 1912, in Division No. 1, on October 17th, the ninth day of the term, and was heard and submitted on that day.

The respondent in due time filed an additional abstract, and on October 8, 1912, filed his motion "to dismiss appeal or affirm judgment," a copy of which, with notice of his intention to file it, was served on appellant on October 2, 1912.   It has been submitted and taken under advisement with the case.   It states as grounds for such action (1) that the printed abstract of the record proper fails to show that there was an affidavit for an appeal which complied with the law; (2) that it fails to show that there was an appeal granted by the court, or that such an order was ever spread upon the records of the court; (3) that it fails to show that the bill of exceptions was presented to and filed in the circuit court while in session, or that leave was given to file the bill of exceptions or that it was ever signed or filed.

As a matter of fact the abstract was constructed on the following plan:   (1) A copy of the petition, (2) a copy of the answer, (3) a statement that the cause came on for trial on August 13, 1908, during the August term of the trial court, and a copy of the judgment.   Preceding this copy are the following words: "The entries of the court are as follows:"   After the judgment comes a narrative statement of the filing of the motion for a new trial and its overruling on August 13, 1908; the same reference to the motion in arrest of judgment on the same date; then the following:

"Appeal.—Thereafter on said 13th day of August, 1908, and at said August term, 1908, the defendant, the Lebanon Cemetery Association, filed in due form

its affidavit for appeal to the Supreme Court of Missouri, and the trial court finding the same sufficient (after approving the appeal bond) did on the same day last aforesaid grant said appeal to said Supreme Court.

"Bill of Exceptions—Leave to File Same.—Thereafter, on said August 13, 1908, and at the same term of the trial court last aforesaid, the trial court by its order duly entered of record proper, did grant leave to the defendant, the Lebanon Cemetery Association, to file its bill of exceptions in this cause 'within one hundred and twenty days from the 13th day of September, 1908,' which leave to file said bill of exceptions was thereafter, on November 4, 1908, extended by the court, with the consent of the parties to this cause to February 10, 1909.

"And the defendant, the Lebanon Cemetery Association, on February 6, 1909, and within the time so allowed by the court, did present to the court its bill of exceptions and the same was signed by the Hon. L. B. Woodside, judge thereof, and was duly filed on said February 6, 1909, as shown by the record entry of the court."

Then the following words: "End of record proper." Then follows the bill of exceptions, preceded by the statement: "Filed by entry of record proper February 6, 1909." The bill of exceptions contains everything generally incorporated in such a paper, including the evidence, the court's finding of facts, the instructions given and refused, the motion for a new trial and in arrest of judgment, the exceptions, and closes without signature, and with the following words:

"And thereafter and at the same term of the trial court, at which said motion in arrest of judgment was filed, court overruled said motion and to its action in so doing defendant thereupon objected and excepted.

"Said bill of exceptions was duly signed on the 6th day of February, 1909, by L. B. Woodside, circuit judge, and was duly filed on the same day as part of the record in this cause."

Respondent's additional abstract consisted of a certified copy of the entire record, showing that the only order of the court referring in any manner to the bill of exceptions is, omitting caption, as follows:

"Now on this day comes the defendant herein, by attorney, and files motion in arrest of judgment in this cause, which is by the court overruled, and 120 days allowed defendant to file their bill of exceptions in this cause."

On October 15th the appellant filed an application to amend his abstract so as to show that the time for filing the bill of exceptions was extended by order of Judge Woodside of the Laclede Circuit Court, and not by the court. This was supported by affidavit of Mr. Edwin Silver saying that the error had been made by him through a misapprehension of the facts and not with any intention of deceiving or misleading the court. Two days after the submission of the case in this court, and on October 19, 1912, the appellant gave to one of the judges a certificate of the clerk of the trial court to the effect that the bill of exceptions had been filed with the clerk of that court on February 6, 1909, and at the same time filed with the clerk of this court an application to amend his abstract so as to show that fact.

I.  The appellant's abstract was prepared, in so far as form is an element, with care and attention to such suggestions as have been made from time to time by this court. The date of the institution of the suit, together with the pleadings *in haec verba,* and the judgment, complete the necessary elements of the record proper.

Abstract of Record: Narrative Form.

They do not have to be incorporated in it by exception, and it is our duty to examine them whenever properly brought before us for review. Mindful of the requirement of this court, often repeated, that the abstract should separately show the record entries with respect to those matters which are done in open court and about which its permanent records must speak, and which should be abstracted separately from the things that become matters of record only because they are excepted to during the progress of the proceedings and written down in the bill of exceptions, the appellant grouped them under the heading "The Entries of the Court," and wrote at their end, "End of Record Proper." We can imagine no reason why we should refuse to understand this plain language and definite arrangement. In abstracting these entries the appellant dropped into the style recommended by this court in State ex rel. v. Broaddus, 216 Mo. 336, where we said with reference to the abstract then under consideration, invoking the support of a liberal citation of authorities, "it sets out those record facts, not by literal copy, which would be unnecessary, but in abbreviated narrative form, which is sufficient and preferable." He then states, in the form so recommended, various proceedings succeeding the judgment, including the foregoing order approving the appeal bond and granting the appeal. It would be a perversion of language to say that this does not carry on its face the assertion that it is the substance of an entry appearing on the "record proper," through which only, the court can speak with reference to the matters involved. To require more would be like requiring the statement that a man said so and so to be supplemented with the explanation that he said it with his mouth.

That the statement above quoted shows that a sufficient affidavit for the appeal had been filed is also

decided in State ex rel. v. Broaddus, supra. [See also Elliott v. Delaney, 217 Mo. 14, 26; Hutchinson v. Patterson, 226 Mo. 174, 181.] Assuming, then, that it is required by the statute and the rules of this court made in accordance therewith, that the abstract of the record should show the order of the circuit court granting the appeal, we hold that the order, together with the presumption that the affidavit upon which it was made complied with the statute, is sufficiently shown in this abstract. While we assume, for this purpose alone, that this burden rests upon the appellant, we do not so decide. While we may not always have been absolutely consistent on this question, we have frequently said in substance, as we said in words in Bank v. Hutton, 224 Mo. 42, "that we would read into the abstract the certified copy of the judgment and order granting the appeal;" and in the later case of Nickey v. Leader, 235 Mo. 30, 37, Judge GRAVES, who wrote the opinion, collected our cases to the same effect, and we then indorsed them. It follows that the appeal is sufficiently shown in the record before us.

II. A more difficult question is whether the bill of exceptions is presented for our consideration. The filing by respondent of his additional abstract, consisting of a certified copy of the entire record proper, demonstrated that the record entries abstracted by the appellant showing the extension of the leave to file the bill of exceptions so as to cover the time of its actual filing, and the order showing that it was signed and filed, were myths existing in the imagination of the attorney who prepared the bill, and not in the record books of the court. Before the case was heard in this court the appellant presented to us a copy of a written order of Judge Woodside, made in vacation, ex-

*——: No Bill of Exceptions.*

tending the leave theretofore granted by the court, but this leaves us still without any evidence that the bill of exceptions was either signed or filed. After the case was submitted, the appellant attempted to supply the last of these two omissions by a certificate of the clerk that it had been filed in vacation, but we are still in ignorance as to whether or not it was signed by the judge who tried the case. The respondent, during all this time, has stood and still stands on his objections to the abstract as originally presented and has filed no brief upon the merits. While this court may, in its discretion, at a proper time, under proper circumstances and upon proper terms, for good cause shown, permit the amendment of an abstract of the record, after the lapse of the time prescribed in the statutes and rules of the court for its filing, there is nothing in this case to call for the exercise of such discretion. This abstract presents a purely imaginary condition of the record, which the attorney who prepared it had evidently never seen; and the amendments asked, some of the most important of which were not suggested until after the final submission of the case, present an entirely new state of facts. The respondent promptly availed himself of his right to object to the condition as it existed at the time he prepared his case, and to now inject new elements for which he was not called upon to prepare, and has not prepared, would be to punish the diligent for the benefit of those who offer no excuse for their negligence other than that they did not intend to deceive or mislead the court. It follows that the amendments to the abstract must be disallowed. [Everett v. Butler, 192 Mo. 564, 569; Harding v. Bedoll, 202 Mo. 625, 634 et seq.; Nickey v. Leader, 235 Mo. 30, 36; Tipton v. Davidson, 40 Mo. App. l. c. 423; Realty Co. v. Brewing Co., 247 Mo. 29, 32.]

We still have the record proper before us which raises the single question whether or not the judgment rendered is supported by the plead-

**Examination of Record Proper.** ings. The petition, by which we must judge it, states, in broadest terms, the title of the respondent and asks the court to define and adjudge the title, interest and estate of the parties in the land. The answer asserts the title of appellant in terms as broad, and asks that it be defined and adjudged. The issue was well framed under the statute. So far as the pleadings are concerned the whole title was at stake and the judgment determines it as to both parties. There being no error apparent in the record proper the judgment will have to be and is affirmed.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.