CAROLINE REPETTO et al., Appellants, v. STONEWALL J. WALTON et ux.

Division One, March 12, 1926.

1. **PARTIES TO ACTION**: Jointly Interested: Administration: Legatees. A petition, alleging fraud in the distribution of an estate, by failing to plead the terms of the will or that plaintiffs were the sole beneficiaries, fails to show that all the persons interested legally or beneficially in the estate, or in the assets converted, have been joined as parties.

2. ———: Commingling Causes: Different Liability of Defendants: Fraud. A petition, in a suit brought by the executrix of an estate

and her three daughters against their attorney and his wife, in their individual capacities, charging said attorney with deceit and conversion of assets belonging to the estate of decedent while it was under administration, but failing to charge his wife with any tort; that the title of the property, at the time of such conversion, was in the executrix; that said attorney perpetrated a fraud upon each plaintiff by fraudulently obtaining from each a receipt for money, respectively due each and in his possession, unknown to them, and withheld and appropriated by him, but adopting the amounts stated in the receipts as the amounts due them respectively; that the attorney perpetrated a fraud upon the probate court, whereby the court, deceived by such false receipts, was led to approve and did approve the settlements made in the name of the executrix and a final judgment was obtained, closing the administration and discharging the executrix, but charging the defendant wife with the commission of no fraud in respect to the procuring of the receipts or the judgment; and asking that said judgment be set aside, that a personal judgment be rendered against the attorney, that a resulting trust be declared in favor of the plaintiffs in lands to which he holds the legal title, and in lands in which his wife alone holds the legal title and in lands held by them as tenants by the entireties, joins parties and commingles causes of action in such manner that inconsistent theories arise and confusion is produced, and is demurrable on various grounds.

3. ———: Administration: Conversion of Assets: Fraudulent Judgment: Wife of Attorney for Estate. In a suit by the executrix and her three daughters against their attorney, charging that by the use of false receipts obtained from them by him, he procured a judgment of the probate court approving the false settlements of the executrix and finally discharging her, and then converted to his own use the moneys stated in said receipts as the amounts due them respectively, the attorney's wife, who is not charged to have asisted him in procuring the receipts or the judgment, cannot be made a party to the suit to set aside the judgment.

4. MISJOINDER: Suits at Law and in Equity. In a suit brought by the executrix of an estate and her three daughters against their attorney and his wife to set aside a judgment of the probate court approving her settlements and ordering her discharge, on the ground that they were based on false receipts fraudulently obtained by said attorney from them and fraudulently used by him in procuring the judgment, the statute does not permit them to join, in one count of the petition, a cause of action at law for deceit and the conversion of assets the legal title of which was in the executrix and for which she asks judgment in a lump sum, and a cause of action in equity to set aside her annual and final settlements and the order dis-

charging her, and a prayer for an accounting between plaintiffs and defendants, and the establishment of constructive trusts to be imposed upon lands owned severally by each of the defendants, and upon lands owned by them jointly; and especially so, where the allegations are equally open to the construction that the petition joins all the plaintiffs in an action to recover for each a specific sum of money.

5. **JUDGMENT: Probate Court: Fraudulent: Parties: Executrix: Venue.** The only way in which a final settlement approved by the probate court can be impeached, and the claims of distributees approved by the order of the court can be inquired into, is by a direct proceeding to set them aside for fraud practiced upon the court in procuring them. Ordinarily, in a suit to set aside a final settlement the executor or administrator would be the defendant. An executrix, suing in her individual capacity as plaintiff, in a suit to set aside her own settlement on account of the fraud of her own attorney and agent, presents an unusual situation; and when brought in a court of a county other than that in which the administration is had and the judgment was rendered, the situation becomes even more unusual.

6. **CAUSES: Joinder.** The statute (Sec. 1221, R. S. 1919) requires that the causes of action that may be joined in the same count must all belong to one of the defined classes, and that causes, even when joined in separate counts, must affect all the parties to the action.

7. ———: **Misjoinder: Conversion of Assets of Estate and Executrix's Commissions.** The executrix is the only party entitled to recover assets of the estate converted by her attorney; and a petition in a suit by her and her three daughters, all alleged to be beneficiaries and all suing in their individual capacities, so framed as to constitute a charge of conversion, several in amount as to each of them, the amount of money each of them is entitled to recover being the sum stated in a false distribution receipt, fraudulently obtained from them respectively by their attorney, and withheld and appropriated by him, and also so framed as to constitute a charge that their said attorney converted the commissions to which the executrix was entitled and seeking to recover the amount stated in her false receipt therefor, joins in one count two or more causes of action which do not affect all the plaintiffs alike. The three daughters have no interest in the recovery by the executrix of her commissions, and if the assets of the estate have been converted by defendant she alone has the legal title thereto and is the only party

entitled to recover them; and consequently, the causes of action stated are several, and not joint.

Actions, 1 C. J., Section 245, p. 1089, n. 59, 62; Section 256, p. 1093, n. 39, 41; Section 257, p. 1094, n. 64, 65; Section 259, p. 1095, n. 88. Attorney and Client, 6 C. J., Section 258, p. 709, n. 9. Executors and Adminitrators, 24 C. J., Section 1817, p. 737, n. 49; Section 1903, p. 768, n. 24, 25, 26, 27; Section 2487, p. 1031, n. 12; Section 2497, p. 1040, n. 80. Judgments, 34 C. J., Section 756, p. 484, n. 12, 13. Pleading, 31 Cyc., p. 118, n. 72.

Appeal from Montgomery Circuit Court.—*Hon. Earnest S. Gantt*, Judge.

AFFIRMED.

*John A. Nolan* and *Robert S. Harbison* for appellants.

(1) If complainant is entitled to any relief at all under his petition, demurrer should be overruled. Tanner v. Lindell Ry. Co., 180 Mo. 1. (2) Where, after an estate has been closed and the executrix discharged, the executrix, who is also a legatee, and three other legatees find that they have been defrauded by their joint agent, who had custody and control of the estate during the administration of moneys to which they were entitled, the fraud having been concealed by fraudulent items in a settlement filed by the agent in the probate court, the legatees may unite in a suit in equity seeking an accounting, liens on land in which plaintiffs' money has been put by defendants and other relief, although the amounts alleged to be due the different plaintiffs are not identical. The petition is not, therefore, multifarious. Bray v. Thatcher, 28 Mo. 129; Tucker v. Tucker, 29 Mo. 350; Perkins v. Baer, 95 Mo. App. 70; Breimeyer v. Star Bottling Co., 136 Mo. App. 84; Rinehart v. Long, 95 Mo. 396. (3) The interests of the plaintiffs do not conflict; they grow out of the same transaction, the same fraudulent act; they are affected in the same manner, although differing in extent. Under the allegations the executrix was wholly ignorant of the fraud of her agent, and suffered equally with her coplaintiffs as a result thereof, and may, therefore, join

with them as party plaintiff and need not be joined as defendant. Shelton v. Harrison, 182 Mo. App. 404; Phillips v. Hardenburg, 181 Mo. 463; Cook v. Bascom, 164 Mo. 594; Kansas City Masonic T. Co. v. Young, 179 Mo. App. 278; Leyden v. Owen, 150 Mo. App. 102. (4) In charging fraud in a suit in equity, where the fraud has been concealed and the details of the fraud and the final disposition of the money are peculiarly within the knowledge of the defendants, it is only necessary for plaintiffs to allege such facts as they have knowledge of. in regard to the fraud. The circuit court of the county in which defendants reside has jurisdiction of both the subject-matter and the parties in a suit brought therein based thereon. Where a court of equity once acquires jurisdiction of the subject-matter and of the parties on any recognized branch of equitable jurisprudence, it will do complete justice between the parties. Arnard v. Keathley, 230 Mo. 209; Waddle v. Frazier, 245 Mo. 391.

*Abbott, Fauntleroy, Cullen & Edwards* for respondents.

(1) Treating the petition as joining the cause of action at law for deceit or conversion with a cause of action in equity to set aside a final settlement of an executrix, the demurrer of the defendants was properly sustained: (a) Because two causes of action are improperly united in the same petition and in the same count of the petition. The plaintiff cannot join, even in separate counts of the same petition, an action at law and an action in equity, even though they arise out of the same transaction, unless both causes of action affect all parties to the action. R. S. 1919, sec. 1221; Beattie Mfg. Co. v. Gerardi, 166 Mo. 142; Trifny v. Eischensder, 262 Mo. 436; Fernandez v. La Mothe, 147 Mo. App. 644; Watts v. Meyer, 189 S. W. 29. (b) The petition states no cause of action in tort against the defendant Rebecca Walton, and does not purport to state a cause of action in tort against

her.  On this theory, demurrer was properly sustained because there is a nonjoinder of parties defendant in the cause of action in equity.  (c)  Where parties having distinct interests have been made victims of fraud, the fact that the same means were used to deceive them all will not entitle them to maintain a joint action for relief.  Levering v. Schnell, 78 Mo. 167; Donahue v. Bragg, 49 Mo. App. 273.  (d)  The title to personal property of a deceased person vests in his executor and the executor alone has the right to bring suit against a tortfeasor who interferes with the personal property of the estate.  24 C. J. p. 201, secs. 710-715; Gupton v. Carr, 147 Mo. App. 121.  On this theory the demurrer of defendant Rebecca Walton was properly sustained, for the further reason that the petition fails to state any facts whatever showing that the plaintiffs or any individual plaintiff has any cause of action in tort against her.  (2)  If the petition in this case is to be treated as an attempt to state a cause of action in equity to set aside the final settlement of Caroline Repetto, as executrix of the estate of Henry A. Repetto, deceased, the demurrer is well taken.  Because there is a nonjoinder of necessary parties defendant.  Final settlement of an executor or administrator in the probate court is a final judgment which cannot be attacked collaterally, and which can only be attacked in a direct proceeding in equity to set aside the settlement for fraud.  In such a proceeding in equity to set aside a settlement for fraud, the executor or administrator is a necessary party defendant.  Heitkamp v. Biedenstein, 3 Mo. App. 450; Kermin v. Robertson, 49 Mo. 252; Ferguson v. Carter, 9 Mo. App. 497.  (a)  In the petition filed, the executrix is not made a party defendant, nor is the estate of (Repetto) made a defendant, and until she and the estate are joined as parties defendant no equitable relief can be granted.  On this theory the petition was properly sustained, because the court has no jurisdiction of the subject-matter of the action or of the parties to the action.  R. S. 1919, sec. 5; 24 C. J. p. 768, sec. 1903.  (b)  The rule that a suit

against an executor or administrator as such must be brought in the county where letters testamentary were granted applies even though other defendants are joined as parties defendant in a suit against the executor or administrator. 24 C. J. 768, sec. 1903; T. L. Horn Trust Co. v. Delano, 162 Mo. App. 402; Wilson v. Kyle, 35 Tex. 559; Dixon v. Scharff, 142 S. W. 980.

LINDSAY, C.—In this suit, brought in the Circuit Court of Montgomery County, the plaintiffs alleged that defendant Stonewall J. Walton had defrauded them of moneys due to them from the estate of Henry A. Repetto, deceased, and had perpetrated a fraud upon the probate court of the city of St. Louis in securing the approval of certain settlements, made by plaintiff Caroline Repetto, as executrix. They asked for an accounting, and for personal judgment for the aggregate sum due them, for an annulment of the orders of the probate court, and, also, that, to the extent of the moneys found to be due them, a trust be impressed upon certain lands, in Montgomery County, belonging to defendant Stonewall J. Walton, and land belonging to him and his wife, and land belonging to his wife alone, who is his co-defendant.

The court sustained defendants' joint demurrer to the petition; plaintiffs declined to plead further, and judgment for defendant, and plaintiff's appeal, followed.

The petition, which is in one count, covers more than twenty pages, but its essential averments can be set out in somewhat shorter space. The petition shows that Caroline Repetto is the widow, and the three other plaintiffs are daughters, of Henry A. Repetto, who died, testate, in the city of St. Louis, on May 27, 1913. The petition does not allege that the plaintiffs are all of the persons entitled to share in the estate of said deceased, nor does it plead the terms of his will, nor in a direct way allege that the plaintiffs are legatees under said will.

It is charged that defendant Stonewall J. Walton was the legal advisor of Henry A. Repetto, prior to his death;

that by the will of Henry A. Repetto, admitted to probate by the Probate Court of the City of St. Louis, his widow was made executrix; that she was of Italian birth, and of limited education, and knew nothing about the transaction of business; that the other plaintiffs were equally inexperienced, and that they required the assistance of counsel; that Stonewall J. Walton tendered his service as counsel to plaintiffs, and was accepted as such by them; that as such he took complete charge of all books, papers and property of the deceased, and that he collected all moneys due said estate; that the gross assets, other than real estate, as inventoried and appraised, amounted to $124,805; that all sales of property were conducted by said defendant, and that he kept in his possession the bank books, and all other books, accounts and papers pertaining to said estate, and that plaintiff Caroline Repetto, as executrix, performed no functions except to sign checks presented to her, and to sign formally such other papers as were presented to her by defendant. The petition next alleges that about the 13th day of May, 1916, said defendant falsely and faudulently represented to the plaintiffs as follows: "that with the exception of some uncollected accounts, the amount for distribution among these plaintiffs would entitle each distributee (plaintiffs herein) to about fifteen thousand dollars, and that after such distribution the estate would be exhausted except for such sums as might be realized subsequently on some outstanding accounts; and that these plaintiffs, and each of them, believing said representations of said defendant Stonewall J. Walton to be true, and having no means of their own of determining the truth or falsity of said representations, and relying thereon, received and accepted on the 13th day of May, 1916, as their respective distributive shares made to them by the said defendant, as follows:

May Morris ( *nee* Repetto) ........ $15,281.35
Adele Johnson (*nee* Repetto) ........ 15,116.82
Angie Vernon (*nee* Repetto) ........ 15,000.00
Caroline Repetto ................. 15,000.00

and signed receipts for these respective sums as their distributive shares of said estate.''

The petition next alleged that about the 15th day of May, 1917, said defendant prepared and mailed to plaintiffs certain undated blank receipts, which purported to be receipts by plaintiffs respectively for their distributive shares in said estate, the amount thereof being left blank, and that defendant represented to the plaintiffs it was necessary to file such receipts in the final settlement of the estate, and that he would insert in the blank spaces in said receipts, the respective amounts paid to plaintiffs in March, 1916, and falsely and fraudulently represented that nothing further had been realized from the open accounts remaining in the estate, and there was no money or other assets for distribution; that said false and fraudulent representations were believed by the plaintiffs, who had no knowledge of those matters, and trusted the same entirely to defendant, and that they signed said blank receipts, and returned them to said defendant, but that neither at that time, nor subsequently, did plaintiffs receive any money or other property from said estate.

The petition next charges that upon the return of said blank receipts ''said defendant Stonewall J. Walton knowingly and fraudulently and with the intent to cheat, wrong and defraud these plaintiffs, and with the further intent to perpetrate a fraud upon the probate court of the City of St. Louis, inserted, or caused to be inserted, in the blank spaces of said receipts the following figures, that is to say:

''In the receipt signed by plaintiff May Morris, $5,-239.22; in the receipt signed by plaintiff Adele Johnson, $5,403.76; in the receipt signed by plaintiff Angie Vernon, $5,520.58; in the receipt signed by plaintiff Caroline Repetto, $5,520.58, and not figures showing the respective amounts paid these plaintiffs theretofore, to-wit, on May 13, 1916, which, as heretofore alleged, said defendant had represented would be inserted therein; that the insertion of the aforesaid figures, as aforesaid, was at all times un-

known to the plaintiffs herein, or to any of them, and was at all times concealed from the plaintiffs by said defendant Stonewall J. Walton until the discovery as hereinafter alleged.''

The petition next alleges that in May, 1916, when defendant falsely represented that the assets of the estate were exhausted, there were, in fact, additional assets to which plaintiffs were entitled under their right of distribution; that these assets amounted to the sum of $28,098.21, and that they were wrongfully and fraudulently appropriated by said defendant.

It is then alleged that in October, 1917, defendant filed in the probate court a settlement of said estate which showed a disbursement to the plaintiffs of the sums wrongfully and fraudulently inserted by him in the respective receipts signed by plaintiffs in May, 1917, and that he attached said receipts to said settlement as vouchers; that said settlement also showed a disbursement of the sums of $6,404.07 to plaintiff Caroline Repetto, for commissions as executrix; and plaintiffs alleged that said Caroline Repetto had not received said sum or any part thereof. The petition alleges that Caroline Repetto was induced to sign and verify the settlement through the representations of defendant, Stonewall J .Walton, and that the filing and exhibition of the receipts executed as of May 15, 1917, were intended to be and were in fact a fraud perpetrated by defendant upon the probate court, and were the procuring cause of the approval of said settlement made in October, 1917, and that by reason of the probate court being deceived thereby, that court later, on April 10, 1919, did approve a final settlement of said estate, and discharged plaintiff, Caroline Repetto, as executrix of said estate.

The plaintiffs allege that all of the various described acts and representations of said defendant were false and fraudulent, and made to deceive them, and were relied upon by them and they were deceived thereby, and that

they did not discover the true situation in respect to said matters, until about the month of March, 1922.

The plaintiffs next allege that defendant Stonewall J. Walton, at all of the times mentioned, was the owner of certain described real estate, situated in Montgomery County; that during all of said times, his wife, Rebecca L. Walton, was owner of certain other described tracts of land in Montgomery County; that at all of said times, Stonewall J. Walton and Rebecca L. Walton were seized in fee as tenants by the entirety of certain other described tracts of land in Montgomery County, and that at all said times said two defendants were seized in fee jointly of a certain other described tract of land in Montgomery County.

The petition next charged that said lands were in the joint possession and in control of defendants; that Stonewall J. Walton was at all times the agent of his said wife in regard to the mangement of her lands; that in the period mentioned there were deeds of trust and encumbrances on said lands, and that defendant Stonewall J. Walton, with the full knowledge and consent of his wife, with moneys taken by him from the assets of said estate, belonging to plaintiffs and withheld from them, paid off from time to time in whole, or in part, said encumbrances, and also with moneys so withheld paid taxes on said lands and erected and paid for permanent improvements thereon.

The petition further alleges that about January, 1914, defendant acquired by warranty deed a certain other described tract of land in Montgomery County; that in the purchase thereof, he paid in part cash, and gave his notes to the vendor for the remainder in the sum of $9,000, and executed a mortgage to the vendor to secure the payment of said notes for $9,000; and plaintiffs charged that not only said cash payment, but the payment of the notes aggregating $9,000, as they thereafter fell due, were paid by said Stonewall J. Walton with the money of the plaintiffs taken from the assets of said estate; and that said

defendant, after acquiring title to the said last-mentioned land, expended further sums of the money of plaintiffs in erecting permanent improvements on said land.

The petition charges that the defendants have had the full use and benefit during the period since May 19, 1916, of said sum of $28,098.21; that plaintiffs cannot state the particulars of the amounts paid by Stonewall J. Walton in discharging thereon and payment of taxes, but plaintiffs asserted that said various tracts of land have become charged with an equitable lien in favor of these plaintiffs, for the amounts which an accounting may show were actually so used and applied.

By their prayer the plaintiffs asked that the receipts dated May 17, 1917, be declared null and void; that the order of the probate court approving the settlement of October, 1917, to which false receipts were attached, be set aside and for naught held, so far as affects the amounts represented by said receipts and the item of commission charged to Caroline Repetto; that the judgment of the probate court entered on April 10, 1919, approving the final settlement, and discharging the executrix, be also set aside and for naught held; that the defendants be required to make a true and complete accounting of the handling of the assets of said estate, as represented by the false receipts prepared and used by said defendant, and the item of commission charged to Caroline Repetto; that defendant be required to show the disposition made by him of assets appropriated, and the specific sum or sums expended by defendants, or either of them upon each tract or parcel of land; that the court decree that each tract and parcel of land be impressed with a trust in favor of all the plaintiffs to the extent to which the court may find such moneys were expended and used in or on each of said tracts and parcels of land; that the court adjudge that plaintiffs have a personal judgment against the defendant for the sum of $28,098.21, with interest; and that plaintiffs have such relief, general or special, as may be proper in the premises.

313 Mo. Sup.—13.

The demurrer assigns nine grounds, as follows:

"First. Said petition fails to state facts sufficient to constitute a cause of action against either of the above-named defendants.

"Second. Plaintiff has united in the same petition and in the same count of said petition several separate and distinct causes of action.

"Third. There is a misjoinder of parties plaintiff.

"Fourth. There is a non-joinder of parties defendant.

"Fifth. The relief prayed for does not affect all the defendants alike or in the same right.

"Sixth. Plaintiff has united in the same petition and in the same count thereof an action at law and an action in equity.

"Seventh. Said petition attempts to charge fraud, but fails to aver the facts constituting fraud.

"Eighth. The petition is not a concise statement of facts constituting plaintiffs' cause of action, and fails to comply with the requirements of the court.

"Ninth. This court has no jurisdiction over the subject-matter of the suit, nor the persons of the defendants."

Counsel for plaintiffs urge that the petition is not demurrable, upon the ground that plaintiffs all suffered from the same fraudulent act; that they are affected in the same manner, although differing in extent; and that therefore, Caroline Repetto, who was executrix, and the three other plaintiffs, may unite in a suit in equity, seeking an accounting, liens on land in which plaintff's money has been put, and other relief.

In support of their contention they cite several cases: Bray v. Thatcher, 28 Mo. 129; Tucker v. Tucker, 29 Mo. 350; Rinehart v. Long, 95 Mo. 396. Each of these was a suit to set aside certain fraudulent conveyances. In Bray v. Thatcher, the several defendants concurred in a joint act of duress by which each received a conveyance of property, belonging to a single plaintiff. In Tucker v. Tucker, the defendants in collusion and by undue in-

fluence, induced a decedent to convey to them, severally, personal property, thereby fraudulently depriving the plaintiff, his widow, of the benefit of her dower rights. In Rinehart v. Long, the plaintiff was a judgment creditor, and purchaser of land sold under execution against an insolvent debtor. The debtor had bought the lands from three several persons, and paid for them with his own money, but had placed title thereto in his wife. The suit was against the wife to cancel those deeds. It was held that the petition was not multifarious in setting up all three deeds, since the claim of the plaintiff for relief was based on one general right.

Another case cited, is Breimeyer v. Star Bottling Co., 136 Mo. App. 84, a suit by a number of plaintiffs, each of whom sold beverages in bottles in which was indelibly blown the name of the seller, as a trade name. The defendant was charged with using those bottles for the sale of inferior beverages of its own. It was held there was such a community of interests between plaintiffs that they might unite in securing an injunction.

Another case relied on is Shelton v. Harrison, 182 Mo. App. 404. In that case the suit was one to declare and adjudge a resulting trust in favor of plaintiffs in a fund arising from the sale of certain land, paid for with moneys contributed by the plaintiffs, under a plan whereby a corporation was to be formed to own and control the land. The title to the land, however, had been taken in the name of the individual, who was the custodian of the fund contributed. The petition, in a joint suit by all the plaintiffs, was sustained on the theory that each had contributed a certain sum to the fund, and the suit was not one at law for conversion, or in assumpsit, but a suit in equity to establish a resulting trust in the land and its proceeds.

The other cases cited by counsel are those mentioned in the opinion in Shelton v. Harrison, l. c. 413. They are cases announcing the doctrine that, "It is the policy of equity to bind everybody by the decree in a suit who has

any right or interest in the subject or object of the suit; . . . that all persons materially interested, either legally or beneficially, in the subject-matter of the suit, are to be made parties to it, either as plaintiffs or defendants, however numerous they may be, so that there may be a complete decree which will bind them all.''

It may be again noted here that while this petition alleges the conversion to have taken place while the estate was under administration, two or three years before the final settlement, it does not allege that these plaintiffs are all of the persons who were interested in the estate. The petition, by not pleading the terms of the will, and by failing to state that the plaintiffs were the sole beneficiaries, fails to show that all the persons interested legally or beneficially in the estate, or in the assets converted, have been joined as parties. None of the cases foregoing presents a parallel with the case stated by this petition.

The petition here joins parties and mingles causes of action in such a manner that inconsistent theories arise from it, and confusion is produced. Defendant Stonewall J. Walton is charged with deceit and conversion of assets belonging to the estate of the deceased, while it was under administration. The title to this property, at the time of such conversion, was in plaintiff Caroline Repetto, as executrix. Defendant Rebecca L. Walton is not charged with any tort. Stonewall J. Walton is also charged with the perpetration of a fraud upon each one of the plaintiffs by fraudulently obtaining from each a receipt for money respectively due to each, and in his possession, but withheld by him, unknown to the plaintiffs. By the statements of the petition the plaintiffs clearly adopt the amounts stated in the receipts, as being the sums respectively due them. Defendant Stonewall J. Walton is also charged with the perpetration of a fraud upon the probate court, whereby that court was led to approve and did approve the settlements tendered by the executrix and a final judgment was obtained, closing the administration, and discharging the executrix. His codefend-

ant is not charged with the commission of any fraud in respect to the procuring of the receipts, or the procuring of the judgment of the probate court. She could not be a party to the action to set aside the judgment. The petition by its statements inevitably includes an attempt to state a cause of action to set aside the settlements, and the order of discharge of the executrix. "The only way in which final settlements of administrators can be impeached, and the correctness of claims therein be inquired into, is by a direct proceeding to set aside such settlements for fraud. They stand upon the same footing as other judgments of courts of competent jurisdiction." [State ex rel. v. Gray, 106 Mo. 1. c. 534.] In the character foregoing, the petition joins in one count the cause of action at law for deceit and conversion of property, the legal title to which was in the executrix, and for which the plaintiffs ask judgment in a lump sum, and it also joins a cause of action in equity to set aside the settlements, annual and final, and the order of discharge of the executrix, and asks for an accounting as between plaintiffs and defendants, and the establishment of constructive trusts to be imposed upon lands, owned severally by each of the defendants, and lands owned jointly by them. But the petition is equally open to the construction that it joins all of the plaintiffs in an action to recover for each a specific sum of money.

Concerning joinder of causes of action Section 1221, Revised Statutes 1919, provides: "The plaintiff may unite in the same petition several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of: First, the same transaction or transactions connected with the same subject of action; or second, contract, express or implied; . . . or, seventh, claims, by or against a party in some representative or fiduciary capacity, by virtue of a contract, or by operation of law. But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, and

not require different places of trial, and must be separately stated, with the relief sought for each cause of action, in such manner that they may be intelligibly distinguished.''

Section 5, Revised Statutes 1919, is as follows: ''All orders, settlements, trials and other proceedings contemplated by Articles One to Thirteen, inclusive, of this chapter shall be had or made in the county in which the letters testamentary or of administration were granted.''

Ordinarily, in an action to set aside a final settlement the administrator or executor would be made a defendant.

''As a general rule, an executor or administrator cannot sue or be sued in any jurisdiction other than the one in which he was appointed. A personal representative may be sued in the county in which he resides, or where he is found, unless the estate is being administered in another county.'' [24 C. J. p. 768, sec. 1903.]

''A bill in equity for relief against a judgment should as a general rule be brought in the county or other judicial district in which the judgment was rendered, unless an objection on this ground is waived . . .'' [34 C. J. p. 484, sec. 756.]

This case presents the unusual situation of an executrix, joining in her individual capacity, as a plaintiff, in an action to set aside her own settlement on account of the fraud of her attorney and agent, and the action is brought in the court of a county, other than that in which the administration was had, and the judgment rendered.

Under the form of the petition here, and the other questions involved, we lay aside as not essential now for determination the question whether the action to set aside the judgment of the Probate Court of the City of St. Louis, requires a different place of trial from the action in tort seeking a personal judgment against defendants, and seeking to impose a trust upon their lands in Montgomery County. The statute requires that the causes permitted to be joined must all belong to one of the defined classes. It also requires that causes, even when joined in sep-

arate counts, must affect all the parties to the action. [Beattie Mfg. Co. v. Gerardi, 166 Mo. 142; Trefny v. Eichenseer, 262 Mo. 436; Fernandez v. LaMothe, 147 Mo. App. 644.] The petition violates the rule that where two or more causes of action are joined, they must be actions which affect all the parties, and it violates the further rule that the causes must be separately stated, with the relief sought for each cause of action, in such manner that they may be intelligibly distinguished. If the assets, converted by the defendant Stonewall J. Walton, constituted an undivided part of the estate, the legal title thereto being in the executrix, she was the only party entitled to sue for their conversion. [2 American Law Administration, Woerner, sec. 186; Gupton v. Carr, 147 Mo. App. l. c. 121.] She sues here in her individual capacity. The petition is so framed as to constitute a charge of conversion, several as to each of the plaintiffs, and so that each plaintiff is entitled to recover a certain sum represented by the amount written in her respective receipt for money or property in the custody of defendant Walton and withheld, the plaintiff Caroline Repetto in addition to the amount expressed in the receipt signed by her, seeking recovery of the amount of her commission as executrix. On that theory the causes of action are several and not joint. The three plaintiffs other than Caroline Repetto have no interest in the recovery by her of her commission. That is a distinct item resting upon its own facts, arising upon her character as executrix, and the relation between her and her attorney, who, it is alleged, had the custody or possession of the assets; and the amount of it is not dependant upon the terms of the will, but is measured solely by the amount of the estate administered, at the rate of compensation fixed by statute.

The petition in addition to charging that defendant Stonewall J. Walton was employed as attorney by the executrix, includes the charge that he was employed by all of the plaintiffs. The petition charges the same fraudulent representations as made to each and all of the plain-

tiffs that there were no other assets, and concerning the purpose for which the receipts were to be used, but the signing and delivery of the receipts was a several act of each plaintiff. A certain sum was written into each receipt, and under the terms of this petition it is that sum which each plaintiff respectively seeks to recover. In this, the plaintiffs do not show a joint right, and there is a misjoinder of parties plaintiff. [Levering v. Schnell, 78 Mo. 167; Donahue v. Bragg, 49 Mo. App. 273.] Under that theory also one defendant is charged with converting all of these several sums, and using them, in part for the benefit of himself or upon lands of his own, and in part for the benefit of the other defendant, upon lands owned by her severally, and in part upon lands owned by them jointly.

The trial court did not err in sustaining the demurrer, and the judgment is affirmed. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur.