DOERR-ENGEL OIL & SUPPLY COMPANY, a Corporation, and SID'S PETROLEUM CORPORATION, a Corporation, Appellants, v. TIDE WATER OIL COMPANY, a Corporation, THOMAS L. ANDERSON, Trustee, A. L. LOCATELL, Trustee, and WALTER L. ROOS, Trustee. —119 S. W. (2d) 402.

Division Two, August 17, 1938.

1142

*Jeffries, Simpson & Plummer* for appellants.

*Cobbs & Logan* for respondents.

**1144**

WESTHUES, C.—This is a suit brought by plaintiffs to cancel certain notes and to enjoin defendants from foreclosing deeds of trust and a chattel mortgage which were given to secure the notes. Plaintiffs in their petition also asked damages for breach of contract. Defendants filed demurrers to the petition which were sustained. Plaintiffs declined to plead further and judgment was entered, whereupon plaintiffs appealed.

For an understanding of the issues in this case it will be necessary to describe the parties to the suit. From the petition we learn the following: Doerr-Engel Oil & Supply Company and Sid's Petroleum Corporation are Missouri Corporations. They are engaged in the retail business of selling gasoline, oil, grease and other auto supplies at various service stations in the city of St. Louis and St. Louis County. The defendant, Tide Water Oil Company, is a corporation organized under the laws of the state of Oklahoma. It is engaged in the wholesale business of selling gasoline, oil and grease in wholesale lots to service station operators. Thomas L. Anderson, A. L. Locatell and Walter L. Roos were named as trustees in the deeds of trust involved in the suit. The corporations will hereinafter be referred to in an abbreviated form.

The Doerr-Engel Company contracted with the Tide Water Company to handle its products at service stations operated by Doerr-Engel in St. Louis and St. Louis County. Doerr-Engel was to have the exclusive right to sell the Tide Water products in that territory. Subsequently, plaintiff, the Sid's Company, entered into a contract with plaintiff, Doerr-Engel Company, to sell Tide Water products. The Tide Water Company approved this agreement and it was provided that the Sid's Company was to obtain its products through the Doerr-Engel Company. In the course of these negotiations, on March 2, 1931, plaintiff, Doerr-Engel Company, executed a promissory note in the sum of $15,000, payable on demand to the order of the Tide Water Company. This note was secured by a deed of trust on property belonging to Doerr-Engel. Defendant, A. L. Locatell, was named as trustee in this deed of trust. On August 5, 1932, plaintiff, Doerr-Engel, executed a note in the sum of $14,600, payable on demand to the order of the Tide Water corporation. This note was also secured by a deed of trust. Defendant, W. L. Roos, was named as trustee in

this deed of trust. On August 5, 1932, the Doerr-Engel Company executed a chattel mortgage on its personal property to secure the note of $15,000, dated March 2, 1931, which was mentioned above.

The Sid's Company, on March 31, 1932, executed a note in the sum of $5000, and also a deed of trust covering its property to secure the note. This note was made payable to Doerr-Engel, and Arthur E. Simpson was named as trustee. Simpson resigned and the defendant, Thomas L. Anderson, was named as his successor. It is alleged in the petition that the note was endorsed by the plaintiff, Doerr-Engel, and delivered to the defendant, Tide Water Company, and that this defendant now claimed to be the holder of said note. The Sid's Company, on August 5, 1932, executed a note in the sum of $10,000, payable to Doerr-Engel, which note was likewise secured by a deed of trust on the property of Sid's Company. Defendant, W. L. Roos, was named as trustee. This note was also endorsed and delivered to Tide Water in the same manner as the note of $5000 above mentioned. It is alleged that the trustees were advertising the property for sale under the terms of the deeds of trust.

The Doerr-Engel Company and the Sid's Corporation joined in a petition against all of the defendants, that is, the Tide Water Company and the three trustees named, to enjoin the sale. The plaintiffs alleged that the defendant, Tide Water, had received large sums of money from them, to-wit, the sum of $13,398.03, for which plaintiffs had not been given credit. Plaintiffs also alleged that under the terms of the contract they were entitled to a $2,058.35 reduction on the purchase price of certain products.

It is then alleged in the petition that about January 1, 1933, the Tide Water Company refused to sell or deliver its products at the prices agreed upon, and thereby wrongfully terminated the contract, to plaintiffs' damage in the sum of $79,246.12. It is also alleged that in violation of the terms of the contract the defendant, Tide Water, appointed and maintained other distributors of its products in the territory of plaintiffs in competition with plaintiffs, to their damage in the sum of $10,000. Again, plaintiffs alleged that by reason of defendants wrongful breach of its contract plaintiffs suffered the loss of numerous leases on service stations, to their damage in the sum of $25,000.

We have only stated the substance of plaintiffs' petition. The elements of damages claimed are set forth with particularity and with great detail. Defendants, by their demurrer, raised, among other points, that plaintiffs under the law cannot join in one petition; that if they have a cause of action, each plaintiff should seek redress in a separate suit. In other words, that there is a misjoinder of parties plaintiff. Let us examine the law and determine what rules govern who may join as plaintiffs in a suit. In 21 Corpus Juris 421, section 441, the rule is stated thus:

"Several plaintiffs without community of interest and whose demands are distinct cannot unite in one bill to enforce such demands. The rule extends so far as to prohibit the joinder with a demand in which all the plaintiffs are interested, of another in which only a part have an interest. Where all of the plaintiffs claim relief against some of the defendants based on one transaction and some of the plaintiffs claim relief against other defendants based on another transaction, the bill is multifarious. Possible lack of title or interest in the subject matter of a suit, so far as one of the complainants is concerned, which apparently could not injuriously affect the defense, will not be determined on a demurrer to the bill on the ground of multifariousness of parties."

In the case before us, plaintiff, Sid's, was not interested directly or indirectly in the cancellation of the deeds of trust and notes which were executed by plaintiffs, Doerr-Engel, and made payable to the defendant, Tide Water Company. Neither was the Sid's Company interested in the damages which plaintiff, Doerr-Engel, claimed by virtue of the alleged breach of contract by Tide Water. The petition does not disclose any direct interest of Doerr-Engel in the cancellation of the notes and deeds of trust executed by Sid's Company. The notes were made payable to Doerr-Engel, endorsed by this company, and delivered to Tide Water. If they were endorsed without recourse, then Doerr-Engel would not even be indirectly interested in these notes and deeds of trust. Plaintiff, Doerr-Engel, was not interested in the damages sustained by Sid's, resulting from an alleged breach of contract by Tide Water in refusing to make further delivery of its products. Whatever damages were caused Doerr-Engel and Sid's, if any, by the alleged breach of contract by Tide Water, would have to be segregated by the trial court and a separate judgment entered in favor of each plaintiff. The fact that Tide Water approved the agreement between plaintiffs, whereby Sid's agreed to purchase the products of the defendant corporation through Doerr-Engel and to sell these products through its service stations, did not create a joint interest in plaintiffs in the damages resulting from a breach of that contract by Tide Water. Certainly the Sid's Company was not interested in the loss sustained, if any, by Doerr-Engel resulting from the alleged breach of contract between Doerr-Engel and Tide Water. It is evident, we think, that the trial court rightly sustained defendants' demurrer. An examination of the following authorities will disclose that plaintiffs were not authorized under the law to join in a petition against the defendants for the purpose of seeking the redress prayed for in the petition. Each party plaintiff may have had a cause of action. If so, they were separate causes of action and could not be joined in one suit by the plaintiffs. [21 C. J. 421, sec. 441, supra; Lewis v. Hargadine-McKittrick D. G. Co., 305 Mo. 396, 274 S. W. 1041; Repetto v. Walton, 313 Mo. 182, 281 S. W.

411, 1. c. 416 (8) ; Franklin Life Ins. Co. v. Tharpe (Fla.), 160 So. 199; Akins v. Hicks, 83 S. W. 75, 109 Mo. App. 95; Belt v. St. Louis, I. M. & S. Railroad Co., 190 S. W. 1002; Johnson v. Chapman, 296 S. W. 836, 220 Mo. App. 1331.]

Appellants cite cases in support of their theory which are not applicable to the situation here. For example, Newmeyer v. Missouri & M. Railroad Co., 52 Mo. 81, was a suit by taxpayers of a county, suing, for themselves and others similarly situated, to cancel an order of the county court subscribing a large sum of money to be raised by taxation in aid of building a railroad. In Shelton v. Harrison, 182 Mo. App. 404, 167 S. W. 634, the plaintiffs joined in a suit to determine their interest in a resulting trust. Breimeyer v. Star Bottling Co., 136 Mo. App. 84, 117 S. W. 119, was a suit by a number of firms and persons dealing in bottled beverages. All plaintiffs were using branded bottles in which their names had been indelibly blown. The defendant was charged with using these bottles, refilling them with inferior beverage, and placing such beverage on the market as though it were the beverage of plaintiffs. The purpose of the suit was to enjoin the defendant from using these bottles. It is evident that those cases are not authority for plaintiffs' theory that they can join as plaintiffs in the present suit. In each of the cases cited by plaintiff one decree was all that was necessary to settle the entire controversy. The plaintiffs had a common interest in the decree sought by them. In the case before us two separate decrees would be necessary to settle the disputed questions. The one plaintiff would have no interest in the decree determining the rights of the other plaintiff. This situation renders the plaintiffs' petition multifarious.

The judgment of the trial court is affirmed. *Cooley* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.