MARIE ROCKWOOD, . . . for herself and all others similarly situated, Appellant, v. THE CROWN LAUNDRY COMPANY, Mexico, Missouri.—No. 38453.—178 S. W. (2d) 440.

Division One, March 6, 1944.

*Roy Hamlin* and *H. M. Rust* for appellants.

*Fry & Edwards* for respondent.

■ DALTON, C.—Action by an alleged employee of defendant to recover for herself and all others similarly situated unpaid minimum wages and overtime compensation, and an additional equal amount as "liquidated damages," together with a reasonable attorney's fee, under the Fair Labor Standards Act of 1938 (29 U. S. C. A., Sec. 201 et seq.). Defendant demurred to the petition and the demurrer was sustained. Plaintiff refused to plead further and judgment was entered for defendant. Plaintiff has appealed.

■ We are first confronted by a motion to dismiss the appeal. It is contended that no bill of exceptions was filed or "set forth in the abstract of the record" and that the abstract of the record "does not set forth any final judgment or affidavit of appeal." The appeal being upon the record proper, no bill of exceptions was required. See, Fenton v. Thompson, 352 Mo. 199, 176 S. W. (2d) 456, 461. The petition, demurrer and judgment were parts of the record proper. Mahaffey v. Lebanon Cemetery Ass'n., 253 Mo. 135, 139, 161 S. W. 701; Meissner v. Standard Railway Equipment Co., 211 Mo. 112, 121, 109 S. W. 730. Appellant's abstract of the record shows the petition and demurrer in full and recites that the trial court sustained defendant's demurrer to plaintiff's petition; that plaintiff declined to plead further; that, on January 11, 1943," the court entered final judgment in favor of defendant on the demurrer"; and that on the same day "plaintiff filed her affidavit for appeal in this case, which was in due and proper form, and said appeal was by the court granted to the Supreme Court of the State of Missouri." The narrative recital of the substance of the judgment and the fact that the affidavit had been filed and the appeal taken was sufficient. Alt v. Dines, 227 Mo. 418, 422, 126 S. W. 1035; Mahaffey v. Lebanon Cemetery Ass'n., supra; Campbell v. Boyers, 241 Mo. 421, 429, 145 S. W. 807. The motion to dismiss the appeal is overruled.

The Fair Labor Standards Act, 29 U. S. C. A., Sec. 216 (b), provides: "Any employer who violates the provisions of Section 206 or Section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff

or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.''

Plaintiff's petition is in two counts and, in view of the issues presented, it will be unnecessary to review the facts alleged for the purpose of showing that defendant was subject to Fair Labor Standards Act. In count one, plaintiff sought recovery for alleged unpaid minimum wages in the sum of $1.76 claimed to be due her for work performed ''during the week of September 13, 1942'' and for unpaid minimum wages from October 24, 1938, to the date of filing the petition (August 25, 1942). The total sums claimed for herself in said count being $1000 for unpaid minimum wages, $1000 as liquidated damages, and $1000 as a reasonable attorney's fee. In the same count she further alleged that each of 105 named persons were employed under the same or similar circumstances and that there was due each one the sum of $1000 for unpaid minimum wages, $1000 as liquidated damages and $1000 as a reasonable attorney's fee, for all of which plaintiff sought recovery. In count two of the petition, plaintiff sought recovery for alleged unpaid overtime compensation claimed to be due her for hours worked ''over the maximum number of hours established by the Fair Labor Standards Act,'' in the week of May 9, 1942, in the sum of $2.55 and also for such overtime due her from October 24, 1938, to the date of filing the petition (August 25, 1942). The total sums claimed to be due her in said count being $1000 for overtime compensation, $1000 as liquidated damages. and $1000 as a reasonable attorney's fee. In the same count of the petition plaintiff further named 105 persons, who ▉ she alleged were employed by the defendant under the same or similar circumstances, and charged that there was due each the sum of $1000 for overtime compensation, $1000 as liquidated damages and $1000 as a reasonable attorney's fee, for all of which plaintiff sought recovery. On the two counts plaintiff asked judgment in her favor against defendant in the sum of $636,000 together with costs.

While other grounds were stated in defendant's demurrer to the petition, the trial court sustained the demurrer upon two grounds, to wit, (1) that there was a misjoinder of parties plaintiff and (2) that there was a misjoinder of causes of action. Respondent does not seek to support the judgment on other grounds. The complaint, therefore, is not that the petition fails to state facts sufficient to constitute a cause of action, but that it unites many separate and distinct causes of action, belonging to more than one plaintiff, and that the joinder of plaintiffs and causes of action under such circumstances constitutes a misjoinder of parties plaintiff and a misjoinder of causes of action.

▉ No question is raised concerning the right of plaintiff, for herself and on behalf of other employees similarly situated, to enforce her rights in the state court. See, State of Missouri ex rel. St. Louis

& Brownsville & Mexico R. Co. v. Taylor, Judge of the Circuit Court of the City of St. Louis, 266 U. S. 200, 208; Stewart v. Hickman (D. C. Mo.), 36 F. Supp. 861; Adair v. Traco Division, 192 Ga. 59, 14 S. E. (2d) 466. In creating the causes of action claimed and in designating who may maintain a proceeding thereon, the federal statute is, of course, supreme. See, McNorrill v. Gibbs, 45 F. Supp. 363; Hunt v. National Linen Service Corp. (Tenn.), 157 S. W. (2d) 608; Greenberg v. W. L. Bailey Lumber Co. (Minn.), 4 Labor Cases 60,366; Mondou v. New York, New Haven & Hartford R. Co., 56 L. Ed. 327, 349, 223 U. S. 1, 57.

It is appellant's position that "since congress created a new right of action it was privileged to state how it might be enforced" and that, since the act states that plaintiff may sue for herself and those similarly situated, she may do so in a single action in the state court and regardless of any local rules of practice or procedure in said courts. The cases cited deal with procedure in the Federal Courts. McNorrill v. Gibbs, supra; Shain v. Armour & Co., 40 F. Supp. 488; Tolliver v. Cudahy Packing Co., 39 F. Supp. 337. Appellant further insists that in view of the federal statute her petition states one cause of action and she is the sole plaintiff. In the trial court, however, plaintiff expressly refused to exclude from her petition her claim on behalf of the 105 other employees.

Since plaintiff seeks relief in a state court, the jurisdiction of the state court must be invoked in conformity with local law and practices and even though the right sought to be enforced arises under federal law, the state rules of practice and procedure govern as to all matters pertaining to the remedy. Minneapolis & St. Louis R. Co. v. Bombolis, 241 U. S. 211, 36 S. Ct. 595, 60 L. Ed. 961, 964; Grubb v. Public Utilities Commission, 281 U. S. 470, 50 S. Ct. 374, 74 L. Ed. 972, 978.

Section 917, R. S. 1939, provides that a "plaintiff may unite in the same petition several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of: First, the same transaction or transactions connected with the same subject of action . . . . But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated, with the relief sought for each cause of action in such manner that they may be intelligently distinguished." Sec. 922, R. S. 1939, provides that a defendant may demur to a petition, "when it shall appear upon the face thereof . . . that there is a defect of parties plaintiff . . . or . . . that several causes of action have been improperly united."

The petition as printed in the abstract shows only one plaintiff, but she appears even in the caption in two separate and distinct capacities, to wit, for herself and for all others similarly situated.

In the body of the petition she sues for herself to enforce her own rights as to minimum wages, overtime compensation, liquidated damages and reasonable attorney's fees due her, and she also sues in a representative capacity to recover for others similarly situated and for these same items as alleged to be due to each and every one of the 105 other fellow employees named in her petition. There is, therefore, a misjoinder of parties plaintiff. Plaintiff in her individual capacity is not interested in nor a necessary party to the causes of action, which she may have in her representative capacity, and plaintiff in her representative capacity for and on behalf of each of her co-employees similarly situated is not interested as a proper party plaintiff to her own suit for her own demand for unpaid minimum wages, overtime compensation, liquidated damages and reasonable attorney's fees. The personal action of plaintiff may not be united with those brought by her in a representative capacity. Mertens v. Loewenberg, 69 Mo. 208; Niederberg v. Golluber (Mo. Sup.), 162 S. W. (2d) 592, 598; Doerr-Engel Oil & Supply Co. v. Tide Water Oil Co., 342 Mo. 1141, 119 S. W. (2d) 402; Repetto v. Walton, 313 Mo. 182, 281 S. W. 411; Niehaus v. Joseph Greenspon's Son Pipe Corp. (Mo. App.), 164 S. W. (2d) 180, 185; 1 C. J. S., p. 1282, Sec. 97, f(2). Court properly sustained the demurrer for misjoinder of parties plaintiff. The same rule prohibits joining causes of action affecting a defendant in different capacities. Bovard v. Jones. (Mo. Sup.), 142 S. W. (2d) 14, 18.

 Is there a misjoinder of causes of action? It is apparent that the issues of each cause of action for the unpaid minimum wages, overtime compensation, liquidated damages and reasonable attorney's fees for each individual employee are entirely separate and distinct. The claims are each necessarily based upon the labors of different individuals, at different times, for different wages due and under varying circumstances. The defenses to the different claims may be as numerous as the claims themselves. In this case there are at least two distinct parties plaintiff, with as many different causes of action as there are employees mentioned in the pleadings. Where two or more causes of action are joined, they must be actions which affect all of the parties. It is apparent that plaintiff for herself and plaintiff as a representative of others similarly situated are not "united in interest" or legally interested in both capacities in the collection of plaintiff's claim and, also, in the collection of claims of all the other employees. Each claim is a separate and distinct cause of action whether sought to be maintained by the party to whom it is due or by his representative. Causes of actions in favor of different plaintiffs may not be joined. The trial court correctly ruled that there was a misjoinder of causes of actions. Doerr-Engel Oil & Supply Co. v.

566

Tide Water Oil Co., supra; Repetto v. Walton, supra; Niederberg v. Golluber, supra.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.